518 A.2d 1145

**COMMONWEALTH of Pennsylvania**

v.

**James SOJOURNER, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**John BURTON, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 24, 1986.

Decided Dec. 3, 1986.

John W. Packel Chief/Appeals Div., Leonard Sosnou, Philadelphia, for appellant.

Robert B. Lawler, Chief/Appeals Div., Gaele M. Barthold, Chief/Prosecution Appeals, Maxine J. Stotland, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

We consider here appeals from Orders of the Superior Court affirming the imposition of forty-eight hours' impris-

onment and $300.00 in fines for violation of section 3731(a)(1) and (a)(4) of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 3731 (Supp.1986). In the *Sojourner* appeal (No. 104 E.D. Appeal Docket 1985), we are called upon to consider whether a judge has power to suspend sentence under the penalty section of this provision. In the *Burton* appeal (No. 126 E.D. Appeal Docket 1985), we will consider the ancillary issue of whether the imposition of a heightened penalty pursuant to statutory requirements violates double jeopardy guarantees of the state and federal constitutions. For the reasons that follow, we conclude that the mandatory sentencing provisions of section 3731(a) preclude the sentencing court from imposing a discretionary suspension of sentence and that resentencing of appellants in accord with section 3731(e) does not eviscerate double jeopardy guarantees under the United States and Commonwealth Constitutions.

The facts in *Commonwealth v. Sojourner* and *Commonwealth v. Burton* are essentially the same in that both appellants were driving under the influence of alcohol and were charged with violations under Section 3731(a)(1) and (a)(4).[1] Both appellants were first offenders. They were tried and convicted in the Philadelphia Municipal Court and initially sentenced to a term of one year's probation on the condition that they receive treatment for alcoholism.

Upon petition of the Commonwealth, the Municipal Court subsequently vacated its original sentence in both cases and imposed a sentence of forty-eight hours' to eleven and one-half months' imprisonment and a $300.00 fine. Appellants then filed petitions for reconsideration of sentence, which were denied without a hearing. An appeal to the Court of Common Pleas of Philadelphia County questioning

---

1. § 3731. Driving under influence of alcohol or controlled substance
   (a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
   \* \* \* \* \* \*
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

the propriety of the change in sentence also proved unsuccessful.[2] Appeals were taken to the Superior Court, which upheld the Municipal Court's judgments of sentence. A Petition for Allowance of Appeal was filed in this Court which we granted because of the importance of the issues raised.

The first question is whether the legislature has authority to remove from the court the right to suspend sentence and impose probation. This Court has long held that establishment of punishment for criminal acts is well within the confines of legislative authority. *Commonwealth v. De-Hart*, 512 Pa. 235, 516 A.2d 656 (1986); *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986); *Commonwealth v. Wright*, 508 Pa. 25, 40, 494 A.2d 354, 361 (1985); *Commonwealth v. Glover*, 397 Pa. 543, 156 A.2d 114 (1959); *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472 (1958); *Commonwealth v. Cano*, 389 Pa. 639, 133 A.2d 800, *cert. denied and appeal dismissed*, 355 U.S. 182, 78 S.Ct. 267, 2 L.Ed.2d 186 (1957). For example, we recognized in *Commonwealth v. Wright, supra,* that the legislature, in promulgation of the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712(c) "... restrict[ed] the judge's discretion to be lenient in imposing sentence. When the statute is applicable, the court lacks authority to place a convicted offender on probation or suspend sentence." *Commonwealth v.*

**2.** In § 3731(e)(5) special provision is made for appeals by the Commonwealth from sentences under this section imposed by the Municipal Court of Philadelphia.

§ **3731(e)(5) provides:**

(5) Notwithstanding the provision for direct appeal to the Superior Court, if, in a city of the first class, a person appeals from a judgment of sentence under this section from the municipal court to the common pleas court for a trial *de novo,* the Commonwealth shall have the right to appeal directly to the Superior Court from the order of the common pleas court if the sentence imposed is in violation of this section. If, in a city of the first class, a person appeals to the court of common pleas after conviction of a violation of this section in the municipal court and thereafter withdraws his appeal to the common pleas court, thereby reinstating the judgment of sentence of the municipal court, the Commonwealth shall have 30 days from the date of the withdrawal to appeal to the Superior Court if the sentence is in violation of this section.

*Wright,* 508 Pa. at 44 n. 2, 494 A.2d at 363 n. 2 (concurring opinion). Further, we said in *Wright:*

> The effect of section 9712 is merely to limit the discretion of the sentencing court in the selection of a minimum sentence.... The maximum permissible term of imprisonment remains unaffected. The defendant has no cognizable right to leniency.

508 Pa. at 40, 494 A.2d at 362.

It being settled that the legislature has authority to establish mandatory minimum terms of imprisonment for a particular offense, we address the second issue of whether the statute in question does in fact intend to provide mandatory minimum sentences for driving under the influence of alcohol or other controlled substances. Section 3731(e) provides in pertinent part:

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a

subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

(3) The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalties of this section.

(4) The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section....

It is contended by appellant that the legislature did not intend to establish mandatory punishment for a violation of section 3731. In determining whether the statute in question provides for mandatory terms of imprisonment, we are guided by several well-established principles of statutory construction. We construe the words of the statute in accord with their plain meaning. *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). The legislature is presumed not to have intended provisions of its enactments to be mere surplusage. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977).

■ Having closely examined the penalty provisions of section 3731, we are satisfied that the aforementioned provisions are clear and free from ambiguity. Section 3731(e)(1)(i) explicitly provides that "... the sentencing court *shall* order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment...." (Emphasis added.) 75 Pa.C.S. § 3731(e)(1)(i). The word "shall" as used in a statute is generally regarded as manda-

tory, *i.e.,* imposing a duty upon the party to whom the statute is directed. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965); *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County,* 417 Pa. 299, 208 A.2d 271 (1965); *National Transit Co. v. Boardman,* 328 Pa. 450, 197 A. 239 (1938). We find no basis for a contrary interpretation of the word "shall" in the context of section 3731.

Moreover, subsection (e)(3) of section 3731 provides: (3) The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supercede the *mandatory penalties* of this section.

(Emphasis added.) 75 Pa.C.S. § 3731(e)(3). Thus, the statute itself explicitly states that the sentences specified are "mandatory." In addition, the legislature not only has established specific penalties for violators of section 3731,[3] but has provided also a mechanism under section 3731(e)(4) whereby "[t]he Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section."[4] In view of the long-standing judicial policy of limiting review of the sentencing discretion in this Commonwealth, the express provision for a direct appeal for the sole purpose of challenging a sentence is a clear expression of this legislative intent to make these minimum provisions mandatory. *See Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973); *Commonwealth v. Brown,* 443 Pa. 274, 278 A.2d 170 (1971);

3. *See* § 3731(e)(1)(i)–(iv).

4. Section 3731(e)(4) appears to provide for the possibility of admission into the Accelerated Rehabilitative Disposition ("ARD") (75 Pa. C.S. § 1552 (Supp.1986)) program. This Court has held that admission to ARD lies within the discretion of the District Attorney who is free to choose participants according to his determination of the best interests of the defendant and society. *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) (Nix, C.J., concurring and dissenting). Section 3731(d)(1)–(3) provides that certain drunk drivers may not be admitted to ARD. However, we are not called upon to decide today whether § 3731(d) is applicable in this situation.

*Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Marks,* 442 Pa. 208, 275 A.2d 81 (1971).

Finally, the argument that "shall" be construed as merely directory is inconsistent with the meticulous scheme provided for directing the sentencing decision in these cases. Such an interpretation would render this language totally unnecessary if the legislature had intended the traditional judicial exercise of discretion to prevail in these cases. Moreover, the express purpose of providing more stringent penalties for violating these provisions would be rendered virtually illusory.[5]

The final argument to be considered is Burton's contention that judicial imposition of an increased penalty on the Commonwealth's appeal violates his double jeopardy rights under the United States and Pennsylvania Constitutions. Relying on *Commonwealth v. Tome,* 484 Pa. 261, 398 A.2d 1369 (1979), where this Court held that the mandatory sentencing procedures do not take precedence over constitutional guarantees against double jeopardy, appellant claims that once he had been sentenced, albeit to a lesser term than the statute mandated, he could not then be resentenced without the court trammeling upon his double jeopardy rights.

■ The United States Supreme Court has held that where punishment pursuant to a statute is clear and explicit, principles of double jeopardy are not violated where that

5. This litigation was in response to a more stringent law governing the offense of driving under the influence. Some type of incarceration is to be imposed even for first offenses. Other states have codified similar penalty provisions; most have no provision for suspension of sentence. Alaska Stat. § 28.35.030(c) (1983); Ariz.Rev.Stat. § 28–692.-01 B (West Supp.1985); Cal.Veh. Code § 23160(a) (West Supp.1986); Conn.Gen.Stat.Ann. § 14–227a(h) (Supp.1986); Del.Code Ann., tit. 21 § 4177(d)(1) (1985); Fla.Stat.Ann. § 316.193(2)(a)1 (Supp.1986); Ill. Ann.Stat. ch. 95½ § 11–501(c) (Smith-Hurd Supp.1986); Iowa Code Ann. 321.281 2.a (1986); Kan.Stat.Ann. 8–1567(c) (1986); Me.Rev.Stat. Ann. tit. 29, § 1312–B 2 (Supp.1986); Minn.Stat.Ann. § 169–121 Subd. 4(a) (1986); Mo.Rev.Stat. § 577.010, subd. 2 (Supp.1986); N.J.S.A. 39:4–50.1 (Supp.1986); N.Y.Veh. & Traf.Law § 1192, subd. 5 (McKinney Supp.1986); Vt.Stat.Ann. tit. 23 § 1210 (Supp.1985). *See generally Comment, The New Pennsylvania Drunk Driving Law: Last Call for the One-for-the-Road Era,* 87 Dick.L.Rev. 805, 834 n. 258–259 (1983).

statute permits authorities to obtain an increased sentence on appeal. *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328, 347 (1980). Mindful of the *DiFrancesco* standard, we find that sections 3731(e)(4) and (e)(5), *supra,* of the statute in question provide for appellate review. Therefore, the connotation of finality necessary for offense of double jeopardy rights is not present in this instance. The *DiFrancesco* court, in responding to a double jeopardy claim based on a statute which permitted enhancement of sentence upon appeal, stated:

> The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence. We have noted above the basic design of the double jeopardy provision, that is, as a bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent. These considerations, however, have no significant application to the prosecution's statutorily granted right to review a sentence. This limited appeal does not involve a retrial or approximate the ordeal of a trial on the basic issue of guilt or innocence. Under § 3576, the appeal is to be taken promptly and is essentially on the record of the sentencing court. The defendant, of course, is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired. To be sure, the appeal may prolong the period of any anxiety that may exist, but it does so only for the finite period provided by the statute.

*Id.,* 449 U.S. at 136, 101 S.Ct. at 437. The above reasoning makes it amply apparent that resentencing pursuant to section 3731 does not violate federal double jeopardy standards. *See also Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947) (originally petitioner was sentenced only for imprisonment—the court later changed that sentence to add a fine as well as the imprisonment.

The United States Supreme Court concluded that double jeopardy was not offended). *See Commonwealth v. Tome, supra* 484 Pa. at 275, 398 A.2d at 1377 (Nix, J., dissenting).[6]

Accordingly, we affirm the Orders of the Superior Court.

6. We have held in previous cases that the double jeopardy guarantee set forth in Article 1, section 10, of the Pennsylvania Constitution is coextensive with federal constitutional double jeopardy standards. *Commonwealth v. Bostic,* 500 Pa. 345, 350, n. 4, 456 A.2d 1320, 1322 n. 4 (1983); *Commonwealth v. Hude,* 492 Pa. 600, 613, 425 A.2d 313, 320 (1980); *Commonwealth v. Klobuchir,* 486 Pa. 241, 254 n. 12, 405 A.2d 881, 887–88 n. 12 (1979). We find nothing in the instant cases to suggest that the state constitution provides a heightened double jeopardy guarantee. *Commonwealth v. Hogan,* 482 Pa. 333, 342, 393 A.2d 1133, 1137 (1978) (Pennsylvania double jeopardy guarantee differs from the federal guarantee only in style).