522 A.2d 60

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John J. WATERS, a/k/a John Waters.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1987.

Filed March 3, 1987.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, WICKERSHAM and McEWEN, JJ.

WICKERSHAM, Judge:

On April 21, 1984, John J. Waters was arrested and charged with driving under the influence of alcohol in violation of 75 Pa.C.S.A. § 3731. On May 15, 1985 he entered a plea of nolo contendere and was adjudicated guilty. This was his third conviction within seven years,

and the Commonwealth argued that subsection 3731(e)(1)(iii) required the imposition of a minimum term of ninety (90) days imprisonment.[1]

Section 3731(e) provides in pertinent part:

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section

1.  The petition requested imprisonment for a minimum of 90 days in accordance with section 3731(e)(1)(iii), which requires imposition of that term where a defendant has twice been convicted of driving under the influence of alcohol within the previous seven years. Section 3731(e)(2) further provides that acceptance of Accelerated Rehabilitative Disposition (ARD) shall be considered a first conviction for purposes of § 3731(e)(1)(ii–iv).

    Defendant was placed in ARD on July 6, 1979 for driving under the influence of alcohol and convicted of driving under the influence of alcohol on October 14, 1980. The Commonwealth notes however, that defendant's 1979 ARD case may not be equated with a conviction under § 3731(e)(2) for purposes of computing the mandatory minimum penalty pursuant to § 3731(e)(1). *Commonwealth v. Frost,* 342 Pa.Super. 173, 492 A.2d 448 (1985) (§ 3731(e)(2) applies only to acceptances of ARD after January 14, 1983); *Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985) (§ 3731(e)(2) applies prospectively; only ARD cases subsequent to the effective date of the statute—January 14, 1983—are equivalent to a conviction for purposes of computing the penalty on subsequent convictions). Accordingly, defendant, who had a prior DUI conviction should have been sentenced to a mandatory minimum sentence of at least 30 days imprisonment pursuant to § 3731(e)(1)(ii). *Commonwealth v. Kopycinski,* [353 Pa.Super. 387] 510 A.2d 365 (Pa.Super.1986) (§ 3731(e)(1)(ii) is constitutional as it applies to convictions under the old drunk driving law); *Commonwealth v. Grady,* 337 Pa.Super. 174, 486 A.2d 962 (1986) [1984] (same). Brief for Appellant at 6, footnote 5.

or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e)(1), (2).

The trial court, however, sentenced appellee to six months probation under the provisions of 35 Pa.S.A. § 780–118(f) which provides:

(f) If, after conviction, the defendant requests probation with treatment or civil commitment for treatment in lieu of criminal punishment the court may appoint a qualified physician to advise the court in writing whether it would be preferable for the purposes of treatment and rehabilitation for him to receive a suspended sentence and probation on the condition that he undergo education and treatment for drug abuse and drug dependency, or to be committed pursuant to the Mental Health and Mental Retardation Act of 1966 for treatment in lieu of criminal punishment, or to receive criminal incarceration. A copy of the physician's report shall be furnished the court, the defendant and the government attorney. The court shall exercise its discretion whether to accept the physician's advice.

The Commonwealth has appealed and states the issue before us as:

Where defendant is convicted of driving under the influence of alcohol, may the lower court circumvent the mandatory minimum sentencing provisions of the Drunk

Driving Law by sentencing defendant to probation under Section 18 of the Drug Act?

Brief for Appellant at 3.

In *Commonwealth v. Sojourner,* 513 Pa. 36, 39, 518 A.2d 1145, 1146–1148 (1986), Chief Justice Nix held:

The first question is whether the legislature has authority to remove from the court the right to suspend sentence and impose probation. This Court has long held that establishment of punishment for criminal acts is well within the confines of legislative authority.... For example, we recognized in *Commonwealth v. Wright,* [508 Pa. 25, 494 A.2d 354 (1985)], that the legislature, in promulgation of the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712(c) "... restrict[ed] the judge's discretion to be lenient in imposing sentence. When the statute is applicable, the court lacks authority to place a convicted offender on probation or suspend sentence."

\*　　\*　　\*　　\*　　\*　　\*

Having closely examined the penalty provisions of section 3731, we are satisfied that the aforementioned provisions are clear and free from ambiguity. Section 3731(e)(1)(i) explicitly provides that "... the sentencing court *shall* order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment...." (Emphasis added.) 75 Pa.C.S. § 3731(e)(1)(i). The word "shall" as used in a statute is generally regarded as mandatory, *i.e.,* imposing a duty upon the party to whom the statute is directed. We find *no basis for a contrary* interpretation of the word "shall" in the context of section 3731.

\*　　\*　　\*　　\*　　\*　　\*

Thus, the statute itself explicitly states that the sentences specified are "mandatory." In addition, the legislature not only has established specific penalties for violators of section 3731, but has provided also a mechanism under section 3731(e)(4) whereby "[t]he Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of

this section which does not meet the requirements of this section." In view of the long-standing judicial policy of limiting review of the sentencing discretion in this Commonwealth, the express provision for a direct appeal for the sole purpose of challenging a sentence is a clear expression of this legislative intent to make these minimum provisions mandatory. (Citations and footnotes omitted).

We find untenable appellee's contention that Section 18 is a statute directed to a specific class of offenders, while Section 3731 is a purportedly general sentencing statute. Section 18 applies to all "non-violent," drug or alcohol dependent offenders. On the other hand, section 3731 applies specifically to "drunk drivers"—it defines the crime defendant committed and the penalty, a mandatory minimum sentence of imprisonment. The drunk driving Law is hardly a general sentencing provision as appellee contends. A specific, newly enacted statute such as section 3731, applying only to drunk drivers and providing for a mandatory minimum sentence for the specific offense of drunk driving, must be construed to take precedence over Section 18, a more general statute enacted over ten years before section 3731, permitting suspension of sentence and imposition of probation for drug or alcohol dependent offenders, convicted of any non-violent crime. *See* 1 Pa.C.S.A. §§ 1933, 1936.

Finally, construing Section 18 to be wholly inapplicable to persons convicted of drunk driving pursuant to section 3731 does not result in the repeal of Section 18 by implication, as appellee contends. On the contrary, under such a construction of the two statutes, Section 18 continues to apply in full force and effect to all drug or alcohol dependent, non-violent offenders. It simply does not, and should not, apply to drunk drivers.

Reversed and remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.