538 A.2d 919

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Robert W. BRAUER.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1988.

Filed March 11, 1988.

Ann A. Osborne, Assistant District Attorney, Radnor, for Com., appellant.

Vincent Iannello, Jr., Media, for appellee.

Before CAVANAUGH, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Delaware County by the Commonwealth/appellant placing Robert Brauer/appellee on probation without a verdict for violating 75 Pa.C.S. § 3731 (Driving Under the Influence of Alcohol or a Controlled Substance).[1] We reverse.

The facts are not in dispute and reveal that on July 30, 1986, the appellee was travelling on East 10th Street in Marcus Hook, Pennsylvania. He was stopped by the police and asked to produce a driver's license and owner's card. A computer check of the appellee's license indicated that it was suspended.

After speaking with the appellee and detecting an odor of alcohol on his breath, the police officer placed him under arrest for driving under the influence of alcohol or controlled substance and driving with a suspended license. A charge of possession of a controlled substance was added pursuant to an inventory search of the vehicle which disclosed one $20.00 bag of PCP (Phencyclidine). A complaint listing the aforementioned charges, save for the charge of driving with a suspended license which was later withdrawn, was filed on July 1, 1986.

Approximately one week later, the appellee was arrested for selling drugs to an undercover state trooper. Thereafter, on May 20, 1987, a pre-trial hearing for a consolidated disposition of both cases under Section 17 of The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. § 780–117) took place. At that time, the appellee presented the

---

1. This appeal by the Commonwealth is authorized under 75 Pa.C.S. § 3731(e)(4) (Supp.1987).

testimony of Barbara Van Lenten, an addiction counselor and psychiatric social worker. Her evaluation of the appellee lead her to conclude that he was a "poly-substance abuser". As a result thereof, she recommended that the court place the appellee in a drug treatment program for sixty (60) days of in-patient treatment with intensive out-patient follow-up.

The Commonwealth objected to this disposition of the drunken driving charge, pointing out to the court that the penalty for driving under the influence was not discretionary, but, rather, it was mandated by statute, i.e., it required imprisonment and not probation. Nonetheless, the court granted the appellee's motion for probation without verdict and entered the order from which this appeal is taken.

The sole issue raised for our consideration is whether the court below erred in placing the appellee on probation without verdict for the offense of driving while under the influence of alcohol or controlled substance.

In *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986) our Supreme Court addressed the question of whether the penalty phase of § 3731 was mandatory or discretionary, and, in that context, whether the legislature had the authority to remove from the court the right to suspend sentence and impose probation. In concluding that the Municipal Court was correct in vacating its original sentence of one year's probation and imposing in its stead a sentence of 48 hours' to 11½ months' imprisonment and a $300.00 fine upon first offenders under § 3731, the rationale for the course pursued was stated as follows:

> Having closely examined the penalty provisions of section 3731, we are satisfied that the aforementioned provisions are clear and free from ambiguity. Section 3731(e)(1)(i) explicitly provides that "... the sentencing court *shall* order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment...." (Emphasis added.) 75 Pa.C.S. § 3731(e)(1)(i). The word "shall" as used in a statute is generally regarded as mandatory, *i.e.*, imposing a duty upon the party to whom

the statute is directed. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965); *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A.2d 271 (1965); *National Transit Co. v. Boardman*, 328 Pa. 450, 197 A. 239 (1938). We find no basis for a contrary interpretation of the word "shall" in the context of section 3731.

Moreover, subsection (e)(3) of section 3731 provides:
(3) The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supercede the *mandatory penalties* of this section.

(Emphasis added.) 75 Pa.C.S. § 3731(e)(3). Thus, the statute itself explicitly states that the sentences specified are "mandatory." In addition, the legislature not only has established specific penalties for violators of section 3731, but has provided also a mechanism under section 3731(e)(4) whereby "[t]he Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section." In view of the long-standing judicial policy of limiting review of the sentencing discretion in this Commonwealth, the express provision for a direct appeal for the sole purpose of challenging a sentence is a clear expression of this legislative intent to make these minimum provisions mandatory. *See Commonwealth v. Williams*, 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973); *Commonwealth v. Brown*, 443 Pa. 274, 278 A.2d 170 (1971); *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Marks*, 442 Pa. 208, 275 A.2d 81 (1971).

Finally, the argument that "shall" be construed as merely directory is inconsistent with the meticulous scheme provided for directing the sentencing decision in these cases. Such an interpretation would render this language totally unnecessary if the legislature had intended the traditional judicial exercise of discretion to prevail in these cases. Moreover, the express purpose of

providing more stringent penalties for violating these provisions would be rendered virtually illusory.

513 Pa. at 43, 518 A.2d at 1148 (Footnotes omitted; emphasis in original). More particularly, as is relevant to the case at bar, we find the ruling of *Commonwealth v. Waters* 361 Pa.Super. 154, 522 A.2d 60 (1987) to be most instructive.

In *Waters*, the appellee was charged with violating § 3731. A plea of nolo contendere and an adjudication of guilty followed. Even though the appellee had been placed on the Accelerated Rehabilitative Disposition (ARD) program on a previous occasion for violating § 3731, the trial court sentenced him to six (6) months probation under the provisions of 35 P.S. § 780–118(f) [2], instead of a mandatory minimum prison term of 30 days as is required by § 3731(e)(1)(ii) for repeat offenders.

The Commonwealth appealed to Superior Court, which, after citing *Sojourner* and language therein similar to that quoted at bar previously from that ruling, held that Section 18 did not preempt the mandatory sentencing provisions of § 3731; in particular:

Section 18 applies to all "non-violent," drug or alcohol dependent offenders. On the other hand, section 3731 applies specifically to "drunk drivers"—it defines the crime defendant committed and the penalty, a mandatory minimum sentence of imprisonment. The drunk driving Law is hardly a general sentencing provision as appellee

2. § 780–118(f) reads:
    (f) If, after conviction, the defendant requests probation with treatment or civil commitment for treatment in lieu of criminal punishment the court may appoint a qualified physician to advise the court in writing whether it would be preferable for the purposes of treatment and rehabilitation for him to receive a suspended sentence and probation on the condition that he undergo education and treatment for drug abuse and drug dependence, or to be committed pursuant to the Mental Health and Mental Retardation Act of 1966 for treatment in lieu of criminal punishment, or to receive criminal incarceration. A copy of the physician's report shall be furnished the court, the defendant and the government attorney. The court shall exercise its discretion whether to accept the physician's advice.
    The Act of April 14, 1972, as amended, October 26, 1972, P.L. 1048, No. 263, § 1, 35 P.S. § 780–118(f) (1977).

contends. A specific, newly enacted statute such as section 3731, applying only to drunk drivers and providing for a mandatory minimum sentence for the specific offense of drunk driving, must be construed to take precedence over Section 18, a more general statute enacted over ten years before section 3731, permitting suspension of sentence and imposition of probation for drug or alcohol dependent offenders, convicted of any non-violent crime. *See* 1 Pa.C.S.A. §§ 1933, 1936.

Finally, construing Section 18 to be wholly inapplicable to persons convicted of drunk driving pursuant to section 3731 does not result in the repeal of Section 18 by implication, as appellee contends. On the contrary, under such a construction of the two statutes, Section 18 continues to apply in full force and effect to all drug or alcohol dependent, non-violent offenders. It simply does not, and should not, apply to drunk drivers.

361 Pa.Super. at 159, 522 A.2d at 63.

Instantly, the appellee sought to avoid incarceration for his drug and motor vehicle violations by proceeding under 35 P.S. § 780–117, which provides:

A person may be entitled to probation without verdict under the following circumstances:

(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require.

Probation without verdict shall not be available to any person who is charged with violating clause (30) of subsection (a) of section 13 of this act and who is not himself a drug abuser and who does not prove the fact of such drug abuse to the satisfaction of the court.

(2) Upon violation of a term or condition of probation, the court may enter a judgment and proceed as in any criminal case, or may continue the probation without verdict.

(3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions: Provided, That probation without verdict shall be available to any person only once: And further provided, That notwithstanding any other provision of this act, the prosecuting attorney or the court, and the council, shall keep a list of those persons placed on probation without verdict, which list may only be used to determine the eligibility of persons for probation without verdict and the names on such lists may be used for no other purpose whatsoever.

The Act of April 14, 1972, as amended, October 26, 1972, P.L. 1048, No. 263, § 1 (1977).

Section 17, as is the case with Section 18, applies to "non-violent" offenses committed under The Controlled Substance, Drug, Device and Cosmetic Act. Both sections afford an accused the opportunity to avoid imprisonment and being stigmatized with a criminal record upon successful completion of the terms of probation in the former and an institutionalized drug program in the latter. However, under subsection (f) of Section 18, an accused, even after conviction, can avoid punishment by requesting probation with treatment of his/her drug addiction.

Given the similarity in objectives and non-confinement options available to a court in imposing punishment in lieu of a prison term under Sections 17 and 18, we can fathom no reason not to adhere to the precedential effects of *Waters,* supra.

Moreover, *Sojourner* makes it quite clear that the sentencing provisions of § 3731 are not to be imposed at the

whim of the court; they are mandatory. No less is such a requirement to be carried out because it is juxtaposed with the availability of, e.g., a probation without verdict under The Controlled Substance, Drug, Device and Cosmetic Act.

Thus, we now extend the *Waters* rationale, holding that Section 18 did not take priority over or subsume § 3731's penalty provisions, to Section 17 so as to require that the penalty aspect of § 3731 be complied with and not be side-stepped under the guise of the probationary provisions of Section 17.

To do as the appellee would advise, i.e., uphold the court action below, would constitute an unequal treatment of those individuals merely charged with a motor vehicle violation of driving while intoxicated vis-a-vis those charged with multiple offenses of The Motor Vehicle Code and The Controlled Substance, Drug, Device and Cosmetic Act. In the latter circumstance, one could conceivably have all of the offenses resolved without the imposition of a prison term, as occurred here, by seeking relief under Section 17. Whereas an individual charged with violating the Vehicle Code, e.g., driving while intoxicated, and who does not secure admission to an ARD program is subject to a potential jail term, the length of which depends upon his status as a recidivist.

We do not believe that the legislature intended such a disparate result under the law, and the decision in *Waters*, supra, bears this out. Furthermore, the statute in question (§ 3731) is unequivocal in mandating that a jail term be imposed, absent, of course, the district attorney allowing an accused to be admitted to an ARD program.

Accordingly, based on the preceding, we reverse the actions of the court below as to the probationary term issued for violation of § 3731 and remand for entry of a sentence complying with the dictates of § 3731(e).

Judgment reversed and case remanded for proceedings not inconsistent with the opinion herein written. Jurisdiction is relinquished.

ROWLEY, J., concurs in the result.