557 A.2d 390

COMMONWEALTH of Pennsylvania

v.

Kenneth L. BECKER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 8, 1988.

Filed April 4, 1989.

Reargument Denied May 10, 1989.

John G. Bergdoll, III, York, for appellant.

Mark A. Bellavia, Assistant District Attorney, York, for Com.

Before BECK, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant appeals from judgment of sentence entered in accordance with the mandatory sentence provisions of the Vehicle Code for repeat drunk driving offenders following acceptance of appellant's guilty plea to a charge of drunk driving. We affirm.

The procedural history may be briefly summarized as follows. Appellant was arrested and charged with drunk driving. He filed an omnibus pre-trial motion which asserted numerous grounds why the arrest should be declared illegal, evidence should be suppressed, and the charges should be dismissed. The trial court rejected each of appellant's contentions. Appellant also moved for a verdictless disposition of the drunk driving charge under 35 Pa.S.A. § 780–118(a). The trial court ruled that the specific provisions of the Vehicle Code rather than the general provisions of the Drug, Device and Cosmetic Act applied and that because this was appellant's second drunk driving offense no verdictless disposition could be granted. Appellant unsuccessfully sought interlocutory appeal of that ruling.

Appellant then entered a guilty plea to the drunk driving charge. The comprehensive fifty page written guilty plea colloquy—which appellant provided answers for, appropriately initialled on each page, and acknowledged during the guilty plea hearing—fully and correctly informed appellant that he was waiving all right to appeal except with regard to the jurisdiction of the court, the voluntariness of plea, the legality of sentence, and the competence of his counsel. Following appellant's acknowledgement of the written colloquy and his admission of the factual predicate for the charges, the plea was accepted. The trial court then entered judgment of sentence for the lowest sentence permissible under the mandatory sentence provision of the Vehicle Code for a second drunk driving offense. The same day, appellant filed a motion to withdraw the guilty plea based upon the court's refusal to permit consideration of a verdict-

less disposition under 35 P.S. § 780–118(a), appellant also sought modification of sentence on the same grounds. The motion was denied, and this timely appeal followed.

On appeal, appellant contends that the rehabilitative disposition provisions of the Drug Device and Cosmetic Act do not conflict with the mandatory sentence provisions of the Vehicle Code. He argues the provisions must be construed (if possible) so as to give full effect to both, as well as strictly in favor of the accused. He concludes that, so construed, he was eligible for a verdictless disposition under 35 P.S. § 780–118(a).

Appellant argues that prior cases denying repeat drunk driving offenders shelter under the Drug, Device and Cosmetic Act are distinguishable in that 35 P.S. § 780–118(a) dispositions occur prior to both the determination of guilt and formal conviction. *Cf. Commonwealth v. Brauer*, 372 Pa.Super. 8, 538 A.2d 919 (1988) (reversing a probation without verdict disposition under 35 P.S. § 780–117); *Commonwealth v. Waters*, 361 Pa.Super. 154, 522 A.2d 60 (1987) (reversing a disposition in lieu of punishment under 35 P.S. § 780–118(f)). He argues that without at least a finding of guilt, the accused cannot be considered a "violator" subject to the mandatory minimum sentence provisions of 75 Pa.C.S.A. § 3731(e).

In support of this argument, appellant points to the fact that 75 Pa.C.S.A. § 3731(e) specifically refers to "Accelerated Rehabilitative Disposition or *any other form of preliminary disposition,* " while 75 Pa.C.S.A. § 3731(d) refers only to "Accelerated Rehabilitative Disposition." He also finds significance in the fact that while 35 P.S. § 780–117, 35 P.S. § 780–118, and 75 Pa.C.S.A. § 3731(d) by their express terms each preclude a second preliminary disposition of the type authorized in that section, none of those provisions expressly precludes a subsequent verdictless disposition under the other provisions. Based upon this exceedingly fine distinction, appellant concludes that repeat drunk driving offenders are eligible for a second verdictless rehabilitative disposition.

Unfortunately, we are unable to reach the merits of this highly technical, superficially plausible argument.

▮▮▮▮ Appellant entered a guilty plea which waived all issues on appeal except those relating to the jurisdiction of the court, the voluntariness of the plea, the legitimacy of the sentence,[1] and competence of counsel. *See Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987). Though appellant moved to withdraw the plea, the only ground set forth was the alleged error of the trial court in denying appellant's motion for a verdictless disposition under 35 P.S. § 780–118. That contention provides no basis for withdrawal of the plea, as the fact of the denial was known prior to the entry of the plea, and appeal from the denial was necessarily waived by the plea. *Commonwealth v. Coles, supra.* As appellant failed to allege and establish legitimate grounds for withdrawal of the plea, the order denying withdrawal of the plea must be sustained. *See Commonwealth v. Carr*, 375 Pa.Super. 168, 543 A.2d 1232 (1988). Because the plea stands, the sole issue raised here must be deemed to have been waived. *Commonwealth v. Coles, supra.*[2]

1. Though it has often been stated casually that a person who pleads guilty may only challenge the legality of sentence, this is not strictly true. A defendant, who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court *carte blanche* to impose a discriminatory, vindictive or excessive sentence so long as the legal limits are not exceeded. Obviously, the entry of a guilty plea does not preclude a petition for allowance of appeal of discretionary aspects of sentence subsequently imposed. *See e.g. Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) (appeal of discretionary aspects of sentence following entry of a guilty plea); *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (same).

2. We note that it is readily apparent that all concerned were under the misapprehension that appellant's challenge to the denial of consideration for a rehabilitative disposition would survive his guilty plea. Appellant has not raised and we do not address the impact of counsel's erroneous advice as to that fact on the voluntariness of appellant's plea. That issue and the merits of the interesting issue appellant sought to raise here, are simply not properly before this Court. We note that the more appropriate course for appellant to have followed in order to challenge the denial of his motion for consideration of a verdictless rehabilitative disposition under 35 P.S. § 780–118 would

## CONCLUSION

Judgment of sentence affirmed.

BECK, J., concurs in the result.

have been to plead not guilty, stand trial, and appeal on that ground following a conviction. *Cf. Commonwealth v. Feagley,* 371 Pa.Super. 593, 607, 538 A.2d 895, 902 (1988) (Kelly, J., concurring) (collecting cases).