581 A.2d 226

## COMMONWEALTH of Pennsylvania

### v.

### Aaron L. CATANCH, Appellant.

Superior Court of Pennsylvania.

Submitted July 2, 1990.

Filed Oct. 18, 1990.

---

Kalvin Kahn, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence following a *nolo contendere* plea. For the reasons that follow, we affirm.

The facts underlying this appeal, as determined by the trial court, are as follows:

[Appellant] entered the enclosed MAC machine area of Mellon Bank, located at 5500 Germantown Avenue, at 1:00 on the afternoon of December 15, 1988. He then pointed a loaded revolver at Philip Weiser, and demanded money. While the [appellant] was accosting Weiser, an elderly gentleman, Mr. Tucker, came into the area, and the [appellant] similarly confronted him. Dr. Weiser grabbed for the gun as Mr. Tucker joined him in an attempt to subdue the [appellant]. During the ensuing struggle, a shot was fired while the [appellant] was still holding the gun, however, no one was struck by the bullet. The [appellant] was eventually subdued, arrested and charged . . . (citations to the record omitted)

On May 8, 1989, appellant, Aaron L. Catanch pleaded *nolo contendere* to two counts of robbery,[1] and one count of carrying a firearm in a public street.[2] He was sentenced to two consecutive periods of seven to twenty years incarceration for each of the robbery counts, and a consecutive period of one to five years on the firearms violation for a

---

**1.** 18 Pa. C.S.A. § 3701(a)(1)(ii).

**2.** *Id.* § 6108.

470

total of fifteen to forty years incarceration. A petition to reconsider sentence was orally argued and denied. This timely appeal followed.

Appellant raises two issues for our review. First, he claims that the trial court erred: (a) in giving the second robbery a prior record score of three instead of zero; (b) in failing to file a contemporaneous written statement since appellant was sentenced outside the sentencing guidelines; (c) in considering a 1969 conviction for "aggravated robbery"; (d) in considering the 1969 conviction an F-1 or F-2 without sufficient evidence; (e) in sentencing for violation of the Uniform Firearms Act despite a sentence under § 9712 of the Mandatory Sentencing Act. Second, he contends that trial counsel was ineffective for failing to preserve for appeal issues (a) and (b).

Initially, we note that a plea of *nolo contendere* is treated the same as a guilty plea in terms of its effect upon a particular case. *Commonwealth v. Jackson*, 376 Pa.Super. 433, 546 A.2d 105 (1988). A plea of *nolo contendere* acts as a waiver of all non-jurisdictional defects and defenses and only allows challenges to the legality of sentence,[3] validity of the plea, and subject-matter jurisdiction of the court.[4] *Commonwealth v. Thomas*, 351 Pa.Super. 423, 506 A.2d 420 (1986). A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down. *Commonwealth v. Cannon*, 387 Pa.Super. 12, 563 A.2d 918 (1989). A trial court ordi-

---

**3.** The Commonwealth incorrectly contends that appellant's claims with regard to the discretionary aspects of sentencing are waived as a result of his *nolo contendere* plea. Legality of sentence in this context refers both to the discretionary aspects of sentencing and the legality of sentence. *See Commonwealth v. Becker*, 383 Pa.Super. 553, 557 n. 1, 557 A.2d 390, 392 n. 1 (1989) (wherein we held that a defendant who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court *carte blanche* to impose a discriminatory, vindictive or excessive sentence so long as the legal limits are not exceeded).

**4.** Since appellant does not question the validity of the plea or the subject-matter jurisdiction of the court, we need not discuss these issues.

narily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes. *Commonwealth v. Smicklo,* 375 Pa.Super. 448, 453, 544 A.2d 1005, 1008 (1988) (*en banc*) *quoting Commonwealth v. Smith,* 375 Pa.Super. 419, 426, 544 A.2d 991, 994 (1988) (*en banc*). Challenges to the application of the sentencing guidelines do not implicate legality of sentence. *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*).

Of the issues raised by appellant, only appellant's claim that the trial court erred in sentencing for a violation of the Uniform Firearms Act despite a sentence under § 9712 of the Mandatory Sentencing Act specifically questions the legality of sentence. Appellant's other claims concern the manner in which the sentencing court applied the sentencing guidelines. As stated above, challenges to the application of the sentencing guidelines do not implicate legality of sentence. *Commonwealth v. Krum, id.* Thus, appellant's claims with regard to the discretionary aspects of sentencing will be discussed together.[5]

Appellant generally contends that the sentence imposed on his conviction for two robberies was an abuse of discretion because the sentencing court exceeded the applicable guideline range and failed to state its reasons for imposing such a sentence. Appellant challenges the discretionary aspects of his sentence and his brief correctly includes a separate statement, as required by the Pennsylvania Rules of Appellate Procedure, by which appellant

5. Appellant does not allege that his trial counsel caused him to enter into an unknowing and involuntary plea. The extensive plea colloquy clearly establishes that the appellant entered his *nolo contendere* plea knowingly and voluntarily. The colloquy further fully apprised appellant of the permissible range of sentences and the applicability of the mandatory minimum before he entered his plea. Thus, we need not discuss appellant's claim that his trial counsel was ineffective for failing to preserve these issues for appeal. *See Commonwealth v. Fultz,* 316 Pa.Super. 260, 462 A.2d 1340 (1983) (wherein we held that an assertion of ineffective assistance of counsel following the entry of a guilty plea will afford a basis for relief only if there can be demonstrated some causal nexus between the alleged ineffectiveness and entry of what amounts to an unknowing and involuntary plea).

attempts to demonstrate that a substantial question exists regarding the appropriateness of the sentence imposed. *See* 42 Pa.C.S.A. § 9781(b); Pa. R.A.P., Rule 2119(f), 42 Pa. C.S.A.; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* We find that appellant's averments advance at least a colorable argument that the fundamental norms underlying the sentencing process have been compromised in his case. We may therefore consider the merits of appellant's claim.

 Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent abuse of discretion. *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo,* 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied* 516 Pa. 632, 533 A.2d 91 (1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White,* 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. Palmer,* 315 Pa.Super. 601, 462 A.2d 755 (1983). When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Fries,* 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987), *allocatur denied* 515 Pa. 619, 531 A.2d 427 (1987).

 Appellant argues, *inter alia,* that the lower court failed to provide an appropriate contemporaneous written statement explaining the reasons for sentencing outside the

Guidelines as required by 204 Pa.Code § 303.1(h) (1989). *See* 42 Pa. C.S.A. § 9721 (reproducing the provisions of the Sentencing Guidelines). The requirement of a contemporaneous written statement explaining any deviation from the Sentencing Guidelines is satisfied when the sentencing judge states the reasons for his actions on the record and in the defendant's presence. *Commonwealth v. Smith*, 369 Pa.Super. 1, 6, 534 A.2d 836, 838 (1987), *citing Commonwealth v. Chesson*, 353 Pa.Super. 255, 509 A.2d 875 (1986) and *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984). The record of the sentencing hearing shows that the lower court provided such an explanation to appellant on the record. We therefore conclude that appellant is not entitled to relief on this basis.[6]

We note that the Mandatory Minimum Sentencing Act, 42 Pa. C.S.A. § 9712 was applied in the instant case. This Act specifically overrides the sentencing guidelines. Section 9712 states that any person who is convicted of robbery as defined in 18 Pa. C.S.A. § 3701(a)(1)(iii) shall be sentenced to a minimum term of imprisonment of five years if a firearm was visibly possessed during the commission of the offense "notwithstanding any other provision of [Title 42] or other statute to the contrary." § 9712(a), *supra*. Subsection (c) of § 9712 further provides:

> **(c) Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commis-

6. Since appellant's underlying claim is of no merit, we need not discuss appellant's claim that counsel was ineffective for failing to preserve this issue. *See Commonwealth v. Silo*, 509 Pa. 406, 502 A.2d 173 (1985); *Commonwealth v. Cook*, 383 Pa.Super. 615, 557 A.2d 421 (1989) (counsel will not be deemed ineffective for failing to assert a baseless claim).

sion on Sentencing shall not supersede the mandatory sentences provided in this section.

Appellant was convicted of two robberies under § 3701(a)(1)(iii), *supra*, while in visible possession of a firearm. Thus, at a minimum, the sentencing court was required to impose two, five year terms of incarceration. When the mandatory minimum sentence applies, the individual circumstances of the particular case may be considered by the lower court, but only in determining whether sanctions in excess of the mandatory minimum sentence should be imposed. *Commonwealth v. Howard*, 373 Pa.Super. 246, 250, 540 A.2d 960, 962 (1988). Clearly, the lower court was free to impose a more lengthy term of imprisonment upon consideration of the individual circumstances of the case before it.

In the case *sub judice*, the trial court was statutorily authorized to sentence appellant as it did and the sentence cannot, on this ground, be considered inordinate. Our supreme court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). In the instant case, the record clearly indicates that the lower court had the benefit of a pre-sentence report. Further, the sentencing judge conducted a lengthy verbal exchange with trial counsel at the sentencing hearing during which the pre-sentence report and the sentencing rationale employed were thoroughly discussed. The requirement that the lower court explain the rationale for the sentence imposed as set forth in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and clarified by *Devers, supra,* has been more than satisfied. We find that appellant has not received an illegal punishment and that the sentencing court provided an adequate explanation for the sentence imposed.

Finally, appellant alleges that the sentencing for a violation of the Uniform Firearms Act was illegal in that

the possession of the same firearm was used to enhance punishment under § 9712 of the Mandatory Sentencing Act, *supra*. Appellant cites no authority for this proposition, nor has our research uncovered any such authority. To the contrary, our review of the existing law leads us to conclude that there is no merit to appellant's argument.

In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) *affirmed sub nom, McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), our supreme court explained that the visible possession of a firearm is a sentencing factor to be considered only after conviction of specified offenses. Thus, our supreme court has made clear that the application of the Mandatory Sentencing Act is independent of the offenses for which a defendant is convicted. Appellant's argument that he cannot be sentenced for a violation of the Uniform Firearms Act because the possession of the same firearm was used to enhance punishment under § 9712 of the Mandatory Sentencing Act, *supra* is without any foundation in the law.

Judgment of sentence affirmed.