J-S70001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES T. MEYERS | |
| Appellant | No. 3323 EDA 2012 |

Appeal from the PCRA Order October 26, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010918-2007

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED NOVEMBER 10, 2014**

Charles T. Meyers appeals[1] from the trial court's order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA).[2]  In 2008, a jury convicted Meyers of third-degree murder, possessing an instrument of crime (PIC) and carrying a firearm without a license.  The charges stemmed from Meyers' point-blank shooting of a 14-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Our standard and scope of review for the denial of a PCRA petition is well-settled.  An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294 (Pa. 2014).  The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at trial.  **Id.**

[2] 42 Pa.C.S. §§ 9541-9546.

year-old boy riding his bike down the middle of the street where Meyers was driving. Meyers fled the scene at a high rate of speed, ultimately colliding with another vehicle and continued to flee from officers until they successfully apprehended him.

Meyers was sentenced to serve 20-40 years' imprisonment on the murder conviction, with consecutive sentences of 2½-5 years in prison for PIC and 3½-7 years' imprisonment for the firearm conviction (resulting in an aggregate sentence of 26-52 years in prison). Meyers filed a timely notice of appeal with our Court; his judgment of sentence was affirmed. *Commonwealth v. Meyers*, No. 2782 EDA 2008 (Pa. Super. filed Oct. 13, 2009). On July 9, 2010, Meyers filed a *pro se* Post Conviction Relief Act (PCRA) petition. Counsel was appointed and filed an amended petition. On October 26, 2012, the court dismissed Meyers' petition. On November 6, 2012, Meyers filed a timely notice of appeal from the denial of PCRA relief. On November 13, 2012, the trial court filed a Pa.R.A.P. 1925(b) order. On November 30, 2012, Meyers filed a timely Rule 1925(b) statement of errors complained of on appeal. Finally, on March 7, 2014, the trial court filed its Rule 1925(a) opinion in support of its decision.

On appeal, Meyers contends that trial counsel was ineffective for failing to: (1) file a motion to reconsider his sentence; (2) ensure that the certified record contained such a motion; and (3) include a Pa.R.A.P. 2119(f) statement with respect to his discretionary aspect of sentencing claim in his appellate brief.

On direct appeal from his judgment of sentence, Meyers raised two issues. The first issue, concerning the propriety of the D.A.'s cross-examination of defense character witnesses, was addressed on its merits by our Court. The second issue Meyers raised on direct appeal involved the adequacy of the trial court's reasons for departing from the sentencing guidelines for his firearm and PIC convictions. Because the docket did not reflect that any post-sentence motion had been filed and because the certified record did not contain a copy of any such motion,[3] our Court found the issue waived on appeal. **See Meyers**, **supra**. Moreover, our Court determined that even if counsel had filed a post-sentence motion and included it in the record on appeal, the fact that counsel failed to file a Pa.R.A.P. 2119(f) statement in Meyers' appellate brief would also result in waiver of the sentencing issue due to the Commonwealth's objection to such omission. **Id.**

Although Meyers' discretionary aspect of sentence claim may have been waived on appeal due to counsel's inaction, because Meyers was not entirely deprived of his right to appeal, as would be the case if counsel had failed to file a Rule 1925(b) statement, our Court must apply the traditional three-prong ineffectiveness test to determine whether Meyers is entitled to relief. **Cf. Commonwealth v. Halley,** 870 A.2d 795, 801 (Pa. 2005)

---

[3] Interestingly, a copy of an order denying a request for a reconsideration of sentencing hearing is included in the record. Order, 9/15/08.

(because failure to file and serve timely Rule 1925(b) Statement is failure to perfect appeal, such action is presumptively prejudicial and "clear" ineffectiveness).

To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. *Commonwealth v. Watson*, 835 A.2d 786 (Pa. Super. 2003). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Id.* Moreover, to succeed on a PCRA claim based on counsel's failure to file requested post-sentence motions, a defendant must demonstrate that he *suffered actual prejudice* due to counsel's lapse. *Commonwealth v. Reaves*, 923 A.2d 1119 (Pa. 2007) (emphasis added).

Here, Meyers claims that, post-sentence, he wanted the trial court to reconsider "both the length and consecutive nature of the sentences imposed." Appellant's Brief, at 8. Specifically, Meyers contends that the trial court failed to consider the sentencing guidelines, failed to state on the record the reasons for deviating from the guidelines, imposed a sentence that is unreasonable and excessive and, finally, that in fashioning his sentence, the court failed to consider Meyers' age, his family history,

education, employment history, cooperation during the pre-sentence and mental health evaluations, and expression of remorse.

Generally, if a sentence imposed is outside the guidelines, the trial court must indicate that it understood the suggested range and make its reasons for imposing the sentence a part of the record. *See* 42 Pa.C.S. § 9721(b). Moreover, our Supreme Court has held that where the trial court possesses a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988). Furthermore, a court can satisfy the requirement to prepare a contemporaneous written statement of reasons for deviating from the sentencing guidelines by stating those reasons on the record in the presence of the defendant. *Commonwealth v. Catanch*, 581 A.2d 226 (Pa. Super. 1990).

Here, the trial judge clearly and thoughtfully discussed her reasons for sentencing Meyers at the sentencing hearing. *See* N.T. Sentencing Hearing, 9/5/08, at 38-43. Specifically, the trial judge considered all of the evidence presented by both sides, carefully reviewed the pre-sentence and psychiatric reports, and listened to counsels' arguments as well as the testimony of family members, and witnesses from trial and from sentencing. The court also noted that it considered the guidelines, indicating that Meyers' murder sentence was within the standard-range and that his firearm and PIC convictions were above-the-guideline range. *Commonwealth v. Frazier*,

500 A.2d 158 (Pa. Super. 1985) (judge's statement of reasons for sentence made of record at sentencing in defendant's presence constitutes contemporaneous written statement that must contain permissible range of sentences under sentencing guidelines and, at least in summary form, factual basis and specific reasons which compelled court to deviate from sentencing range).

Because Meyers' discretionary aspect of sentence claim has no arguable merit, he could not prevail on a claim of counsel's ineffectiveness. **Watson**, **supra**. Moreover, because Meyers cannot demonstrate that he suffered actual prejudice due to counsel's failure to file a post-sentence motion or include a 2119(f) statement in his appellate brief, the trial court properly dismissed his PCRA petition. **Reaves**, **supra**.

Order affirmed.[4]

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/10/2014</u>

_____

[4] Although we are unable to discern from the record why it took 18 months for the trial court to prepare its Rule 1925(a) opinion, we note that such delay is harmless error because it does not change our result on appeal. In future cases, we would prefer an explanation for such prolonged delay.