**William H. MOSER, Plaintiff,**

v.

**Francis BASCELLI, et al., Defendants.**

**No. 94–CV–2357.**

United States District Court,
E.D. Pennsylvania.

March 15, 1995.

Robert J. Bush, Robert J. Bush & Associates, Media, PA, for plaintiff.

William F. Holsten, II, Holsten & White, Media, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This Memorandum and Order will resolve two outstanding motions filed in this civil rights matter. The first is Plaintiff William Moser's Motion to Vacate this Court's Order of January 4, 1995, in which we granted the defendants' unopposed motion for the sanction of dismissal. The second motion was filed by the defendants, Officer Francis Bascelli, the Ridley Township Police Department

and Ridley Township, which seek sanctions for Mr. Moser's failure to comply with this Court's January 4 Order. For the reasons that follow, the Mr. Moser's motion will be denied, while the defendants' motion will be granted.

## I. HISTORY OF THE CASE

Mr. Moser alleges in his complaint[1] that he was shot by Officer Bascelli after he failed to come to a stop at stop sign. The defendants state that Mr. Moser was shot only after he twice rammed Officer Bascelli's car, putting Officer Bascelli in considerable jeopardy. Mr. Moser later entered a plea of nolo contendere to the charge of aggravated assault in connection with the events giving rise to this lawsuit. Mr. Moser's purported reason for entering the nolo contendere plea, as opposed to entering a guilty plea or proceeding to trial, was so that the issues presented could be litigated initially in the context of this federal civil rights lawsuit.

On August 3, 1994, the defendants served Mr. Moser with discovery requests, to which Mr. Moser failed to respond. Thus, on October 7, 1994, the defendants filed with this Court a motion to compel discovery as well as a request for sanctions in the form of the costs and attorney's fees related to the filing of the motion. Mr. Moser failed to respond to the motion. Accordingly, on October 31, 1994, this Court entered an Order compelling Mr. Moser to comply with the discovery requests and to show cause for his failure to provide discovery. The Court warned Mr. Moser that a failure to show cause would result in the imposition of sanctions.

Mr. Moser failed to show cause as to his inability to provide timely discovery. Indeed, by November 17, 1994, Mr. Moser had still failed to provide the defendants with the requested discovery, in violation of this Court's October 31 Order. Thus, the defendants filed a motion for sanctions, in which they requested the costs and attorney's fees associated with the filing of both the motion for sanctions and the motion to compel. Further, the defendants requested that the case be dismissed in light of Mr. Moser's violation of this Court's October 31 Order. In their motion, the defendants indicated that Mr. Moser had entered a plea of guilty to the criminal charge of aggravated assault in connection with the events giving rise to the claim. Again, Mr. Moser failed to respond to the motion. Accordingly, on January 4, 1995, and in accordance with Local Rule 20(c), this Court granted the defendants' motion as unopposed and dismissed Mr. Moser's case. Further, this Court ordered Mr. Moser to reimburse the defendants for the cost and attorney's fees incurred in connection with the preparation and filing of both the motion to compel and the motion for sanctions. Mr. Moser has yet to comply with this portion of the Order.

In support of our decision, we applied the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, (3d Cir.1984). These factors include: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and (6) the meritoriousness of the claim. *Id.* at 868–70. In applying these factors, we noted Mr. Moser's failure to provide full, complete and timely discovery; his willful violations of Orders of the Court; and the fact that the motion to compel and the motion for sanctions were unopposed, indicating Mr. Moser's dilatoriness. We were especially swayed by Mr. Moser's plea of guilty to the aggravated assault charge, which severely undercut the merits of Mr. Moser's claim. We concluded that under the circumstances, we were acting within our discretion in granting the defendants' motion.

On January 17, counsel for the parties entered into discussions in an effort to settle

---

1. Mr. Moser's complaint contained five counts, including the torts of battery, intentional infliction of emotional distress, and negligent infliction of emotional distress, as well as a claim based upon respondeat superior and a claim brought under 42 U.S.C. § 1983. In a Memorandum and Order dated October 17, 1994, this Court dismissed the bulk of the complaint, leaving Officer Bascelli to defend only the battery, intentional infliction of emotional distress, and civil rights claims, and leaving Ridley Township and the Police Department to defend only the civil rights claim.

the case. Counsel for Mr. Moser offered Mr. Moser's agreement not to appeal the January 4 Order in exchange for the defendants's decision not to seek the monetary sanctions awarded in the Order. The defendants were willing to accept the offer, but the agreement was aborted when Mr. Moser elected instead to seek reinstatement of the case. Thus, on February 6, 1995, Mr. Moser filed this Motion, pursuant to Fed.R.Civ.P. 60(b), in which he asks the Court to vacate its January 4 Order as to both the dismissal and the sanctions. The defendants not only oppose Mr. Moser's motion, but they have also filed another motion for sanctions, in which they ask this Court to award them the attorney's fees and costs specified in an attached affidavit, to award them costs and attorney's fees associated with the filing of the second motion for sanctions, and to hold Mr. Moser in contempt of court.

## II. *DISCUSSION*

### A. *Motion to Vacate*

■ Mr. Moser's motion is brought pursuant to Rule 60(b), which provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Mr. Moser does not specify the provision under which he asserts an entitlement to relief; instead, he raises a number of contentions that arguably fit within the scope of the above quoted grounds for relief.[2]

■ The most compelling argument Mr. Moser presents is that the defendants made a misrepresentation to this Court regarding the resolution of the criminal proceeding brought against Mr. Moser. In their motion for sanctions, the defendants erroneously claimed that Mr. Moser had entered a guilty plea to the aggravated assault charge, when in fact he had entered a plea of nolo contendere. Mr. Moser's plea weighed significantly in the Court's decision. As we noted in our January 4 Order dismissing the case, the guilty plea would have severely undercut Mr. Moser's claim.

■ Mr. Moser correctly notes that the defendants would not have been permitted to introduce evidence of the nolo contendere plea at his civil trial. Since a guilty plea constitutes an express concession of guilt, it is construed as a statement against interest admissible in a subsequent proceeding. *United States v. Mapco Gas Prods., Inc.,* 709 F.Supp. 895, 897 (E.D.Ark.1989) (citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). The nolo contendere plea, on the other hand, is an implied admission relevant only to the criminal proceeding, and so would not be admissible in Mr. Moser's civil trial. *Id.; see* Fed. R.Evid. 410 (evidence of a nolo contendere plea inadmissible against criminal defendant in subsequent civil trial). In all other respects, however, the nolo contendere plea

---

2. Counsel for Mr. Moser contends that we should vacate our January 4 Order because of his neglect. First, counsel asserts that he did not comply with the October 31 Order because he did not receive it. Even if we give counsel the benefit of the doubt, counsel certainly became aware of the Order in mid-November, when Mr. Moser was served with the motion for sanctions. (The motion for sanctions quoted the pertinent portion of our October 31 Order.) Still, counsel failed to comply with the October 31 Order and failed to respond to the motion for sanctions.

Second, counsel states that he did not know he was obliged to respond to the motion to compel or the motion for sanctions as long as he was complying with the discovery requests. Such a profound misunderstanding of the manner in which this Court operates is indeed startling. The rule of which counsel claims ignorance is so basic that it renders his neglect inexcusable. Moreover, Mr. Moser's protestations that he did comply with the discovery requests are contested in the first instance, and should have been raised in response to either the motion to compel or the motion for sanctions in any event.

Finally, to the extent that counsel asks us to reconsider our January 4 ruling by reexamining the precedent upon which we relied, we note that motions for reconsideration must be served within 10 days of the entry of the Order concerned. Local Rule 20(c). Thus, such arguments are untimely.

operates in the same manner as a guilty plea with respect to the particular case. *Commonwealth v. Catanch*, 398 Pa.Super. 466, 581 A.2d 226, 227 (1990). Thus, a criminal defendant who offers a plea of nolo contendere to a given charge stands in the same shoes as one who has been convicted of the charged offense. *Commonwealth v. Perillo*, 426 Pa.Super. 1, 626 A.2d 163, 166, *appeal denied*, 535 Pa. 674, 636 A.2d 633 (1993).

In its recent decision in *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court was confronted with a section 1983 plaintiff who alleged that county prosecutors and a state police investigator engaged in unlawful acts in an effort to secure the plaintiff's conviction. The issue before the Court was whether the conviction was a bar to the civil rights suit. Citing concerns for consistency and finality, the Court wrote as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal; expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at ——, 114 S.Ct. at 2372. Mr. Moser has not presented any evidence to suggest that his conviction has been expunged. Further, the fact that his conviction came about as a result of a nolo contendere plea, as opposed to a guilty plea or a jury verdict, is of no moment. *See Olsen v. Correiro*, No. 92–10961, 1994 WL 548111, at *4, 1994 U.S.Dist. LEXIS 13803, at *12 (D.Mass. Sept. 26, 1994) ("It makes no difference that the criminal judgment here was rendered pursuant to a nolo plea; its effect is the same as if [plaintiff] had pled guilty.").

■ Rule 60(b) empowers us to vacate a judgment if it was obtained through a misrepresentation to the court. Fed.R.Civ.P. 60(b)(3). A misrepresentation occurs when an attorney misleads the court, either intentionally or with callous disregard for the truth, and such misrepresentation disrupts the court's ability to render a decision. *Virgin Islands Hous. Auth. v. David*, 823 F.2d 764, 767–68 (3d Cir.1987) (reversing district court's dismissal on grounds that attorney's misrepresentations were basis for district court's decision). Since *Heck* would likely compel us to dismiss Mr. Moser's civil rights claim, we conclude that the defendants' misrepresentation did not seriously disrupt our ability to render a fair decision. As discussed above, the distinction between the nolo contendere plea and the guilty plea is meaningless in the context of the § 1983 claim. Thus, we are still of the mind that Mr. Moser's aggravated assault conviction severely undercuts his claim.

■ Accordingly, this Court's January 4 Order will remain in full force and effect. To date, Mr. Moser has violated two Orders of this Court and has failed to respond to two motions filed by the defendants, one of which was a motion to dismiss his case. Further, Mr. Moser has repeatedly failed to provide full and complete responses to the defendants' discovery requests. Finally, Mr. Moser's claim has been seriously undermined by his nolo contendere plea to the aggravated assault charge. Under these circumstances, the sanctions ordered by the Court are reasonable and well within the Court's discretion. *Poulis*, 747 F.2d at 868–70. We will therefore deny Mr. Moser's motion to vacate.

### B. *Motion for Sanctions*

■ In their motion, the defendants ask this Court to impose sanctions in response to Mr. Moser's failure to comply with this

Court's January 4 Order. As we noted above, Mr. Moser has yet to comply with our command that he reimburse the defendants for the costs and attorney's fees associated with both the motion to compel and the first motion for sanctions. The Defendants ask that we order Mr. Moser to pay the aforementioned fees and costs, as well as the costs and fees associated with the filing of the instant motion, and hold Mr. Moser in contempt of court.

Pursuant to the Federal Rules, the party or attorney who fails to obey an order must pay the reasonable expenses caused by the failure, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2). Mr. Moser argues that the failure was substantially justified by the settlement efforts undertaken by counsel for the parties that would have eliminated Mr. Moser's obligation to pay the monetary sanctions. The aborted settlement attempt can hardly constitute substantial justification for the failure to obey our January 4 Order, however, when it was Mr. Moser himself who insisted on withdrawing the settlement offer in favor of the Rule 60(b) motion. Accordingly, we cannot conclude that the failure to obey the January 4 Order was substantially justified, and as a result, we must order Mr. Moser to pay the reasonable costs and attorney's fees associated with the filing of the instant motion for sanctions. Given our disposition, however, we decline to hold Mr. Moser in contempt of court.

### III. CONCLUSION

For the aforementioned reasons, Mr. Moser's motion to vacate will be denied, while the defendants' motion for sanctions will be granted.

An appropriate order follows.

### ORDER

AND NOW, this 15th day of March, 1995, upon review of Plaintiff's Motion to Vacate this Court's Order of January 4, 1995, and the response thereto, it is hereby ORDERED, for reasons set forth in the preceding memorandum, that said Motion is DENIED.

It is further ORDERED, upon review of Defendants' Motion for Sanctions filed pursuant to Fed.R.Civ.P. 37(b)(2), and the response thereto, that said Motion is GRANTED. Plaintiff shall reimburse Defendants for their costs of filing this Motion, including a reasonable attorney's fee. Defendants shall submit, within ten (10) days of the date of this Order, an affidavit in support of their request, describing the nature of the expenses incurred. Plaintiff shall have five days thereafter to pay Defendants the amount requested or to file any objections to Defendants' request.