**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Maurice STYLES, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 2002.

Filed Dec. 4, 2002.

Barbara A. McDermott, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth appellee.

Before: FORD ELLIOTT, JOYCE and CAVANAUGH, JJ.

CAVANAUGH, J.:

¶ 1 This is a direct appeal enabled by the grant of a P.C.R.A. petition to grant reinstatement of appeal rights *nunc pro tunc.* The order granting the restoration of appeal rights was entered on April 10, 2002, with the "acquiescence" of the Commonwealth. Appellant pleaded guilty on January 3, 2000, to two sets of multiple charges arising out of two sexual assaults which occurred in Philadelphia, as well as a charge of having failed to register in Pennsylvania after having entered this Commonwealth following release from

prison where he served a sentence for a sexually violent offense in New Jersey, 42 Pa.C.S.A. § 9793(d). After acceptance of the guilty plea, the court ordered a pre-sentence investigation, mental health evaluation and victim impact statements and deferred sentencing.

¶ 2 Sentencing took place on March 23, 2000. Styles, age 40, was sentenced to 3-1/2 to 7 years for the crime of failure to register as a sex offender; attempted involuntary sexual intercourse, 10 to 20 years; and aggravated assault, 10 to 20 years (case 1); rape, 10 to 20 years; robbery, 10 to 20 years; aggravated assault, 10 to 20 years; possession of an instrument of crime, 2-1/2 to 5 years (case 2). The sentences were imposed consecutively and total fifty-six to one hundred and twelve years.

¶ 3 Appellant has included in his appeal brief a statement of reasons for allowance of appeal in accordance with Pa.R.A.P. 2119(f). In the statement, appellant states that the court failed to adequately explain its reasons for deviation from the guidelines. The law governing sentencing in Pennsylvania requires that where a sentence is outside the guidelines, there must be a statement of reasons for the deviation. 42 Pa.C.S.A. § 9721(b) (providing general standards for sentencing). We have frequently held that appeal may be granted where the sentencing is contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990); *Commonwealth v. Barzyk*, 692 A.2d 211 (Pa.Super.1997); *Commonwealth v. Hermanson*, 449 Pa.Super. 443, 674 A.2d 281 (1996); *Commonwealth v. Catanch*, 398 Pa.Super. 466, 581 A.2d 226 (1990). We allow the appeal.

¶ 4 In this case, the court sentenced appellant to successive maximum sentences without reference to the sentencing guidelines. Sentencing procedure must conform to sentencing standards which require in part that:

> In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b).

¶ 5 This mandatory provision has undergone decisional interpretation and modification. In *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984), we were faced with the argument that the court had failed to provide "a contemporaneous written statement" (of the reasons for deviation from the guidelines). We held that the court's on-the-record statement of reasons for deviation stated in the defendant's presence satisfied the requirement of a contemporaneous written statement.

¶ 6 In later cases there unfolded some inconsistency with respect to the degree of specificity required in the on-the-record statement of reasons for guideline deviation sufficient to meet the statutory requirement. The dénouement of this confusion came with our unanimous *en banc* decision in *Commonwealth v. Rodda*, 723 A.2d 212 (Pa.Super.1999). In *Rodda*, we reviewed the relevant cases and held that:

> ... [W]hen imposing sentence, a trial court has rendered a proper "contemporaneous statement" under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic

way and made a dispassionate decision to depart from them.

*Id.,* at 216.

¶ 7 The instant sentencing record discloses that the trial court made no allusion whatsoever to the sentencing guidelines during the sentencing proceedings. The court gave expression for its failure to consider or allude to the sentencing guidelines in its opinion *sur* this appeal dated April 13, 2000. Therein, the court stated that the guidelines do not apply to disposition in lieu of trial and that since appellant pled guilty and did not go to trial, the guidelines are not applicable (citing 204 Pa.Code 303.1(b)).

¶ 8 We disagree with the court's analysis; find that there is an inadequate statement of reasons stated for deviation from the guidelines pursuant to the requirements of 42 Pa.C.S.A. § 9721(b) and *Commonwealth v. Rodda, supra;* and remand for resentencing.

¶ 9 We reject any conclusion that the guidelines are inapplicable to sentences following entry of a guilty plea. The relevant provisions of the sentencing code provide:

§ 303.1 **Sentencing guidelines standards**

(a) The court shall consider the sentencing guidelines in determining the appropriate sentence for offenders convicted of, or pleading guilty or nolo contendere to, felonies and misdemeanors.

(b) The sentencing guidelines do not apply to sentences imposed as a result of the following: accelerated rehabilitative disposition; disposition in lieu of trial; direct or indirect contempt of court; violations of protection from abuse orders; revocation of probation, intermediate punishment or parole.

204 Pa.Code § 303.1 effective June 13, 1997.

¶ 10 While it may be argued that a guilty plea is a disposition in lieu of trial, (§ 303.1(b)), the application of the guidelines is made explicit in § 303.1(a) which includes offenders pleading guilty to felonies and misdemeanors. Our study of the "disposition in lieu of trial" exception in § 303.1(b) reveals that this language refers not to guilty pleas, but to disposition in lieu of trial or criminal punishment found in 35 P.S. § 780–118 of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233 eff. June 14, 1972.

¶ 11 There is no challenge to the instant guilty plea and it remains undisturbed. Sentences vacated and remanded for resentencing.

¶ 12 Sentences vacated. Remanded for resentencing. Jurisdiction not retained.