J-S10031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICO MANDRELL HERBERT | |
| Appellant | No. 1710 EDA 2014 |

Appeal from the Judgment of Sentence April 7, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001359-2012

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED FEBRUARY 12, 2015**

Appellant, Rico Mandrell Herbert, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following his open guilty pleas to third degree murder, robbery of motor vehicle, and abuse of corpse.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On February 23, 2012, Appellant broke into the home of eighty-seven-year-old Joseph DeVivo ("Victim").  At the time of the break in, Victim was in his bed.  Victim quickly realized that someone had entered his house, and Victim left the bedroom to confront the intruder.  When Victim encountered

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 3702, and 5510, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant, Victim became frightened and started to shout. Appellant responded by pulling Victim's t-shirt over his head, smothering Victim to death. After the killing, Appellant took Victim's wallet, cell phone, and car keys. Appellant loaded Victim's corpse into the trunk of Victim's car. Appellant drove Victim's car to a local motel, where Appellant spent the night with his girlfriend.

On February 24, 2012, Appellant fled in Victim's car to North Carolina. On February 25, 2012, Appellant drove Victim's car to South Carolina. In a secluded, wooden area, Appellant dumped Victim's corpse into a ravine. Also on February 25, 2012, Victim's daughter first reported Victim as missing. Ultimately, police apprehended Appellant in North Carolina by analyzing data from Victim's cell phone and the "OnStar" system in Victim's car.

On May 17, 2012, the Commonwealth filed notice of intent to seek the death penalty against Appellant. On July 5, 2012, the Commonwealth filed a criminal information charging Appellant with criminal homicide, burglary, abuse of corpse, robbery of motor vehicle, and two (2) counts of theft by unlawful taking. Prior to trial, however, the parties entered into a plea agreement. On April 7, 2014, Appellant executed a written guilty plea colloquy. That same day, Appellant pled guilty to third degree murder, robbery of motor vehicle, and abuse of corpse. In exchange, the Commonwealth withdrew the remaining charges. Following an oral colloquy,

the court accepted Appellant's pleas. The court immediately sentenced Appellant to twenty (20) to forty (40) years' imprisonment for the third degree murder conviction, ten (10) to twenty (20) years' imprisonment for the robbery of motor vehicle conviction, and one (1) to two (2) years' imprisonment for the abuse of corpse conviction.[2] The court ordered the sentences to run consecutive to each other, resulting in an aggregate term of thirty-one (31) to sixty-two (62) years' imprisonment.

Appellant timely filed post-sentence motions on April 16, 2014. In his motions, Appellant asked for reconsideration of his sentences in light of various mitigating factors, including his acceptance of responsibility for the crimes. Appellant also emphasized that he had taken positive steps toward rehabilitation while incarcerated. Appellant claimed "the aggravating factors cited are greatly outweighed by the mitigating factors referenced in court at the time of sentencing." (Post-Sentence Motions, filed 4/16/14, at 4). Citing the sentencing guidelines, Appellant concluded the court had imposed unreasonable sentences. Additionally, Appellant requested an amendment

_____

[2] With a prior record score ("PRS") of two (2) and an offense gravity score ("OGS") of fourteen (14), the standard range for Appellant's murder conviction was ninety-six (96) months to the statutory limit, which was two hundred forty (240) months. With a PRS of two (2) and an OGS of twelve (12), the standard range for Appellant's robbery of motor vehicle conviction was sixty (60) to seventy-eight (78) months, plus or minus twelve (12) months for aggravating or mitigating circumstances. With a PRS of two (2) and an OGS of three (3), the standard range for Appellant's abuse of corpse conviction was restorative sanctions to nine (9) months, plus or minus three (3) months for aggravating or mitigating circumstances.

of the sentencing order to reflect that he had already served one (1) year and twenty-three (23) days' imprisonment. On May 7, 2014, the court granted Appellant's request for a time credit. The court denied Appellant's post-sentence motions in all other respects.

Appellant timely filed a notice of appeal on May 23, 2014. On May 27, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied.

Appellant raises one issue for our review:

> WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT OUTSIDE THE GUIDELINES, WHEN SUCH SENTENCES WERE THE MAXIMUM ALLOWABLE UNDER THE STATUTE WITHOUT CONSIDERING RELEVANT SENTENCING FACTORS AND WITHOUT STATING ADEQUATE REASONS FOR ITS SENTENCE.

(Appellant's Brief at 7).

On appeal, Appellant contends the court imposed an aggravated range sentence for his abuse of corpse conviction, and the court exceeded the aggravated range for his robbery of motor vehicle conviction. Appellant argues the court imposed unduly harsh sentences based upon factors already included in the sentencing guidelines, namely the seriousness of the offenses. Appellant insists his sentences are unreasonable. Further, Appellant claims the court did not articulate specific aggravating circumstances to justify sentences in-and-above the aggravated range.

- 4 -

Appellant concludes the court abused its discretion by imposing manifestly excessive sentences for the robbery of motor vehicle and abuse of corpse convictions. Appellant's challenge is to the discretionary aspects of his sentences.[3] *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's pleas were "open" as to sentencing. (*See* N.T. Plea/Sentencing Hearing, 4/7/14, at 7.) Thus, Appellant can challenge the discretionary aspects of his sentences.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). "A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal." *Commonwealth v. Davis*, 737 A.2d 792, 798 (Pa.Super. 1999).

Here, Appellant's post-sentence motions did not mention his current contention that the court failed to articulate specific aggravating circumstances. Appellant also failed to raise his current argument at the sentencing hearing. Instead, Appellant asserts the argument for the first time on appeal. Thus, the argument is waived. *See Mann, supra*. Nevertheless, Appellant's post-sentence motions and Rule 2119(f) statement did preserve his claim regarding the reasonableness of the court's departure from the sentencing guidelines for the robbery of motor vehicle conviction.[4] As presented, Appellant's claim appears to raise a substantial question as to the discretionary aspects of his sentence. *See Davis, supra*.

_____

[4] The court imposed an aggravated-range sentence for Appellant's abuse of corpse conviction, which did not exceed the guidelines. Thus, Appellant's argument on the court's departure from the guidelines does not implicate the sentence for the abuse of corpse conviction.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super. 2011) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* "If the court imposes a sentence outside of the sentencing guidelines, it must provide a written statement setting forth the reasons for the deviation and the failure to do so is grounds for re-sentencing." *Commonwealth v. Walls*, 592 Pa. 557, 567, 926 A.2d 957, 963 (2007). A court's "on-the-record statement of reasons for deviation stated in the defendant's presence" satisfies the requirement of a

contemporaneous written statement. *Commonwealth v. Styles*, 812 A.2d 1277, 1278 (Pa.Super. 2002).

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Walls, supra* at 568, 926 A.2d at 963. In making this "unreasonableness" inquiry, this Court must consider four factors:

**§ 9781.  Appellate review of sentence**

\* \* \*

**(d)  Review of record.—**In reviewing the record the appellate court shall have regard for:

(1)  The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)  The findings upon which the sentence was based.

(4)  The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4).

In *Walls, supra*, our Supreme Court said, "the concept of unreasonableness" is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." *Id.* at 568, 926 A.2d at 963.

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781…. We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). **Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.**

*Id.* at 568-69, 926 A.2d at 964 (emphasis added).

Instantly, Appellant waived his right to a pre-sentence investigation ("PSI") report and proceeded immediately to sentencing following the court's acceptance of the guilty pleas. Prior to the imposition of sentence, Appellant presented testimony from Deborah Belknap, a capital mitigation specialist who researched Appellant's case in preparation for a potential capital proceeding. Ms. Belknap conceded that Appellant has a "fairly extensive" arrest record in South Carolina. (**See** N.T. Plea/Sentencing Hearing at 37.) Nevertheless, Ms. Belknap highlighted mitigating factors, including Appellant's impoverished childhood, poor academic record, physical abuse

inflicted by his father, a diagnosis of attention deficit hyperactivity disorder, and a history of drug and alcohol addiction. Ms. Belknap also noted Appellant's positive relationships with his son, daughter, and grandparents. After receiving argument from defense counsel, Appellant addressed the court. Specifically, Appellant apologized to the court and Victim's family members; and he asked the court to show mercy on him.

The Commonwealth presented Victim's son, who read a statement on behalf of Victim's family. The statement addressed the positive impact Victim had made as a father and an elementary school teacher. The prosecutor supplemented the statement with his own argument, indicating that Victim was a proud World War II veteran who remained active and socially engaged, despite his advancing age. The prosecutor also emphasized the various lies Appellant told investigators after his arrest. In conclusion, the prosecutor asked the court to depart from the guidelines and impose maximum sentences for all three convictions.

Based upon the foregoing, the court provided the following statement of reasons for the sentences it imposed:

> In any case like this, in every case, you have to balance many things when imposing sentence. And I think what strikes me in this case is that immediately prior to this incident…there was a plea in another burglary case….
>
> \*   \*   \*
>
> And [Appellant] did not appear for sentencing in that case which resulted in the issuance of a warrant for [Appellant] on that case.

It's really troubling to me that anyone can reach the age of 87, having lived a good life, and then have [his] life end in this manner. You know, most of our World War II veterans, we have reached that sort of time in history where many are passing now by natural causes just from the age. And [Victim] by all recitations was one of those people who kept going and continued to be active and lived a good life. It should never have ended in this manner. For what? A wallet, some credit cards, a car, and I guess some money.

But what's really disturbing to me is—and, [Appellant], I know that today you allocuted to these charges. But I also recognize…that was done in order to spare [Victim's] family and friends from having to sit through what would have proven to be a very lengthy and disturbing trial with evidence that I know is gruesome and disturbing.

But I suspect that if that was really the reason, we would have been here sooner rather than the day that we have the 170 people sitting in another courtroom waiting [for jury selection].

\* \* \*

I look at what I believe are mitigating circumstances here which is also something the court has to balance, and obviously it appears as though your life as a child was not very good and that perhaps you suffered at the hands of your parents.

But there was also a lot of drug and alcohol use. There was also opportunity where the courts have been involved before with you to change your life around. And at some point, it's up to you to do that. You know, when you look—and I have the old PSI here, and you certainly have had those opportunities in the past.

And you have children. You know, I find it interesting as well that at some point you did have a good household because you talk about your grandparents being supportive and being there for you and having a nurturing household with your grandparents, and so I have to

- 12 -

balance all of these things.

But, again, I do find as an aggravating circumstance the fact that you were on bail pending sentencing in the prior case during the commission of this. You were out—there was a bench warrant for your arrest during the commission of this. You know, [Victim] was an…87…year old gentleman who was a World War II veteran. You had apparently been in his home before.

To me, these actions really show an incredible indifference to human life.

\* \* \*

Just the progression of this whole thing and how it occurred. You go into the home, and then you know there's an opportunity. So [Victim's] startled, but then there's an opportunity for you to do the right thing, either to walk away or to…do something else, but you don't.

And then you throw him in the car. And then there's still an opportunity because then you stop somewhere else, and you're with your girlfriend or girlfriends, and you still have an opportunity, but you don't, and then you're on your way to South Carolina.

(*Id.* at 53-57).

Here, the court stated with particularity its reasons for imposing Appellant's sentence.[5] Regarding the "reasonableness" of Appellant's sentence, the court considered the nature and circumstances of the offenses. The court noted that Appellant had the opportunity to walk away after Victim confronted him. The court recognized Appellant's history of

_____

[5] Thus, even if Appellant had preserved his claim regarding the court's failure to provide specific aggravating circumstances, it would not have warranted relief.

- 13 -

burglaries, emphasizing that Appellant committed the current offenses while awaiting sentencing in another case. The court mentioned that previous attempts at rehabilitation had proven unsuccessful. Finally, the court elaborated on the circumstances of Victim, an elderly veteran.

After weighing these considerations against the mitigating factors mentioned by Ms. Belknap, the court elected to exceed the guidelines for the robbery of motor vehicle conviction. The court observed Appellant and evaluated the testimony from the mitigation specialist. The court also announced its findings at the time of sentencing. Under these circumstances, the court's upward departure from the sentencing guidelines for the robbery of motor vehicle was reasonable under Section 9781(d). *See Walls, supra*. Based upon the foregoing, we see no cause to disturb the judgment of sentence. *See Coulverson, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/2015