J-S15021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWNEY PERRY, | |
| Appellant | No. 133 EDA 2015 |

Appeal from the PCRA Order of December 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0610162-1996

BEFORE:  BENDER, P.J.E., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 29, 2016**

Appellant, Shawney Perry, appeals from the order entered on December 9, 2014, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court briefly summarized this case as follows:

> On June 9, 1996, [Appellant] was arrested following a shooting in Philadelphia.  [Appellant] was charged with two counts of attempted murder, conspiracy, aggravated assault, various violations of the Uniform Firearms Act, three counts of possessing an instrument of crime, two counts of simple assault, two counts of recklessly endangering another person, and terroristic threats [in relation to two alleged victims].  [Appellant's] co-defendant, Brett Stewart ("Stewart"), was charged similarly.
>
> [Appellant's] attorney, Gerald Stein, Esquire, filed a motion to suppress physical evidence.  The trial court granted the motion, and the Commonwealth appealed.  [This] Court [] reversed the trial court's decision.  The Supreme Court of

*Retired Senior Judge assigned to the Superior Court.

Pennsylvania affirmed … on June 3, 2002, and remanded the case for trial.

On September 30, 2004, a jury found [Appellant] guilty of aggravated assault and carrying a firearm without a license. Stewart was acquitted of all charges. On November 18, 2004, [Appellant] was sentenced to [10] to [20] years [of imprisonment] for the aggravated assault conviction and two-and-a-half to five years [of incarceration] for the firearm conviction. [Appellant], still represented by Attorney Stein, filed a post-sentence motion on November 29, 2004, which was denied. [Appellant] appealed his judgment of sentence on January 13, 2005. The judgment of sentence was ultimately affirmed on November 2, 2012, following review by both [this] Court and [the] Supreme Court of Pennsylvania.

PCRA Court Opinion, 6/10/2015, at 1-2 (footnotes omitted).

Pertinent to this appeal, a more detailed explanation of the procedural history of Appellant's direct appeal is necessary. On direct appeal to this Court, Appellant argued, *inter alia*, that the trial court abused its discretion by sentencing him excessively to maximum, consecutive sentences for his aggravated assault and unlicensed firearm possession convictions. **See Commonwealth v. Perry**, 947 A.2d 831 (Pa. Super. 2008) (unpublished memorandum). The panel majority affirmed Appellant's judgment of sentence for aggravated assault, but found the trial court abused its discretion in sentencing Appellant on his firearm conviction. In particular, this Court concluded the trial court focused on Appellant's criminal intent in carrying a firearm when it fashioned an excessive and unreasonable sentence. The panel majority noted that the trial court did not state the sentencing guidelines for the firearm conviction on the record prior to

imposing sentence for this offense. Thereafter, the majority determined, "the sentence imposed was grossly beyond that called for in the sentencing guidelines." *Id.* at 27. The panel majority further opined that, "[f]rom all indications, [in this case], the imposition of a maximum sentence for carrying a weapon without a license was simply a way of increasing Appellant's punishment for the aggravated assault conviction or, possibly, increasing Appellant's punishment for the criminal episode viewed as a whole." *Id.* Another panel member filed a dissenting memorandum, opining that under this Court's deferential standard of review, "the trial court had the authority to increase the sentence based on the fact that Appellant fired [] without justification and inflicted a horrific, life-altering injury." *Id.* at 33.

The Commonwealth appealed our decision and the Pennsylvania Supreme Court accepted review. The Commonwealth argued that this Court employed the wrong standard of review on appeal, the sentencing court was not bound by the sentencing guidelines, and the trial court was permitted to impose consecutive sentences. *Commonwealth v. Perry*, 32 A.3d 232, 238-239 (Pa. 2011). The Commonwealth averred that the trial court considered the protection of the public, the gravity of the offense, and the rehabilitative needs of Appellant as required under 42 Pa.C.S.A. § 9721. *Id.* In contrast, Appellant maintained that the Commonwealth's position would give sentencing courts "near limitless discretion." *Id.* at 239. "[Appellant] further contend[ed] that, **while not dispositive**, the trial court's failure to specifically acknowledge on the record or in its written opinion the applicable

- 3 -

sentencing guidelines for his [firearm] conviction militates [] against a finding that the sentence was reasonable." *Id.* (emphasis added).

The Supreme Court concluded this Court exceeded the standard of review in vacating Appellant's firearm sentence, specifically observing the sentencing court

> read and considered [a] pre-sentence investigation report which included [Appellant's] employment history and evidence of his age and lack of a criminal record [] prior to imposing sentence. The sentencing court also indicated that it took into account [Appellant's] own testimony, and the testimony of his family and friends as character witnesses. The sentencing court also considered the gravity of the offense, the fact that [Appellant] was in possession of two firearms, the protection of the public, and [Appellant's] need for rehabilitation[.]

*Id.* at 241 (quotations omitted). Our Supreme Court further remarked that the sentencing court considered the fact that the shooting occurred in the street and the victim was shot in the back. *Id.* at 241-242. Thus, the Supreme Court concluded:

> it is clear that the sentencing court properly considered the nature and circumstances of the offense, including the gravity of the offense and the impact on the life of the victim; the protection of the public; and the history, characteristics, and rehabilitative needs of [Appellant], in imposing its sentence.
>
> Nevertheless, the Superior Court concluded the sentence imposed for [Appellant's firearm] conviction was unreasonable because, in imposing its sentence, the sentencing court improperly considered (1) [Appellant's] intent in carrying the weapons; and (2) the severity of the injuries to the victim. First, the Superior Court failed to provide any legal support for its conclusion that, because Section 6106 of the Crimes Code prohibits the "relatively

- 4 -

limited range of conduct" of carrying a firearm without a license, the purpose for which the weapon was carried and the result of the crime, neither of which is an element of the offense, are irrelevant to determining the appropriate sentence. Indeed, such a conclusion is inconsistent with our holding in [**Commonwealth v.**] **Walls**, [926 A.2d 957 (Pa. 2007)] wherein we held that factors that are not specific elements of an offense may be considered by the sentencing court in imposing its sentence. Specifically, in **Walls**, we held that the sentencing court properly considered the fact that the victim was only seven years old and the relationship between the victim and the defendant in imposing its sentence, even though these factors were not specific elements of the offenses charged.

Further, to the extent the Superior Court suggested that the sentencing court imposed the maximum sentence for [Appellant's firearm] offense as a way of increasing the punishment for his aggravated assault conviction, or for the criminal episode as a whole, this is mere conjecture by the Superior Court, unsupported by any reference to the record.

For all of these reasons, we find the Superior Court failed to give proper deference to the sentencing court when it determined that the sentencing court's imposition of a sentence, although outside of the sentencing guidelines, was unreasonable. Accordingly, we vacate the Superior Court's order and remand the matter to the Superior Court for a reexamination of [Appellant's] judgment of sentence consistent with this opinion and our decision in **Walls**, **supra**.

**Id.** at 242 (footnote omitted).

Our Supreme Court "also note[d] the sentencing court did not specifically state on the record the guideline range for [Appellant's firearm] conviction." **Id.** at 234, n.7. However, the Court found Appellant waived this discretionary sentencing challenge by failing to raise the issue in his

- 5 -

post-trial motion for reconsideration or on appeal to the Superior Court. *Id.*, *citing* Pa.R.A.P. 302(a).

Following remand from the Supreme Court, this Court authored an unpublished memorandum affirming the judgment of sentence on Appellant's firearm conviction, stating:

> The trial court acknowledged the imperative in applying a sentence mindful of the compelling distinction between mere possession of an unlicensed handgun, which of itself, imposes little burden on the community, and the offense [Appellant] committed, which culminated in the victim's paralysis from the chest down. Unlike the usual firearms violation, the cost of [Appellant's] crime is extraordinary, imposing on [the victim's] family and the community the burden to sustain him during a life marked by stratospheric medical expenses and little personal fulfillment. Thus, although a case like *Walls*, arising from the sexual assault of a child, does carry aggravating factors unique to that class of cases, it in no way ameliorates the tragedy borne of cases like this one. The trial court reflected on that tragedy on a case-specific basis, necessarily weighing in its decision, the apparent antagonism that preceded [Appellant's] actions as well as the report of the pre-sentence investigation that ostensibly conveyed the unique aspects of [Appellant's] life and personality. Given the constraints enunciated in *Walls*, we cannot disregard the court's deliberation merely because the sentence it imposed exceeded the [g]uidelines ranges. *See* [*Walls*,] at 964-965 ("[W]e reaffirm that the guidelines have no binding effect, create no presumption in sentencing and do not predominate over other sentencing factors[.]").

*Commonwealth v. Perry*, 63 A.3d 818 (Pa. Super. 2012) (unpublished memorandum) at 11-12. No further appeal resulted.

Thereafter,

- 6 -

[o]n October 18, 2013, [Appellant], through counsel Brian J. Zeiger, Esquire, filed a [PCRA] [p]etition. The PCRA [p]etition alleged that [Appellant's] counsel was ineffective by: (1) failing to effectively advocate for a clear and adequate self-defense jury instruction, to object to the deficient instruction that was given, and to appeal the court's deficient instruction; (2) failing to challenge Dr. Andrew Maidment's expert testimony; and (3) failing to include in his post-sentence motion the claims that the sentencing court did not acknowledge the applicable guideline range for the firearms conviction and did not place on the record the court's reasons for exceeding that range in violation of § 9721. The Commonwealth filed a motion to dismiss the PCRA [p]etition on February 10, 2014. [Appellant] subsequently withdrew his claim pertaining to prior counsel's failure to challenge the expert testimony. The PCRA court granted an evidentiary hearing on the jury instruction claim, and denied a hearing as to the sentencing claim. On December 9, 2014, after a hearing, the PCRA court denied [Appellant's] PCRA [p]etition. This appeal followed.[1]

PCRA Court Opinion, 6/10/2015, at 2 (record citations and internal quotations omitted).

Appellant presents the following issues for our review:

> I. Did the PCRA court err when the court dismissed [Appellant's] PCRA petition because prior counsel was ineffective when counsel failed to appeal the [trial] court's failure to give a clear and adequate self-defense instruction?
>
> II. Did the PCRA court err when the court dismissed [Appellant's] petition because prior counsel was ineffective when counsel failed to preserve for appeal the sentencing court's failure to acknowledge the

_____

[1] Appellant filed a timely notice of appeal on December 29, 2014. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(b) on June 10, 2015.

- 7 -

> guideline sentencing range for [Appellant's] firearms conviction?

Appellant's Brief at 2 (complete capitalization omitted).

Our standard of review from the denial of a PCRA petition is well-settled:

> In conducting review of a PCRA matter, we consider the record in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the evidence of record and the factual findings of the PCRA court. This Court will afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. Of course, if the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (internal citations and quotations omitted).

Both of Appellant's issues allege ineffective assistance of counsel and we have explained the legal standard of review of such claims as follows:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. … Accordingly, to prove counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

*Commonwealth v. Perzel*, 116 A.3d 670, 671-672 (Pa. Super. 2015) (internal citations and brackets omitted).

In his first issue presented, Appellant claims he was denied effective assistance when appellate counsel failed to appeal the adequacy of the trial court's jury instruction regarding self-defense. *Id.* at 11-17. More specifically, Appellant argues:

> [Appellant] admitted at trial that he fired a gun at the vehicle [Bobby] Mahalliti was riding in as a passenger. [Appellant's] singular defense at trial was that he fired his gun in self-defense. [Appellant] testified the driver of the other vehicle, [Javon] Jones, was pointing a gun toward him. The central issue for the jury was whether [Appellant] fired in self-defense. Under the law of Pennsylvania[,] if [Appellant] used force to protect himself from the threat of force by Jones, [Appellant] was not guilty of any crime against Jones or Mahallati. Imperative to [Appellant's] defense was the jury being instructed that if [Appellant] acted in self-defense, [Appellant] was not guilty of assaulting Mahallati. The only way for the jury to understand this legal concept was for the trial court to give a clear and adequate jury instruction on the issue. Despite conversations prior to the instructions and after the instructions, the trial court refused and failed to adequately instruct the jury. [Appellant's] appellate counsel failed to appeal the trial court's self-defense instruction on direct appeal. Prior counsel's omission rose to the level of ineffective assistance of counsel in violation of the Sixth Amendment.

*Id.* at 9.

Appellant further contends:

> The trial court instructed the jury that "a defendant is justified in using force against another person if he reasonably believes that he is in imminent danger of force **from that person** . . .". At least two additional times[,] [the trial court's] instructions implied self-defense only applies to actions against an aggressor. [The trial court's] instructions, read as a whole, did not clearly or adequately explain how the jury was to evaluate the allegation [that

Appellant] committed an aggravated assault against Mahallati[, the companion of the alleged aggressor].

[The trial court] agreed to alter the standard instruction to use the plural "charges" and say the defense covers "the charges of attempted murder and aggravated assault." Since there are two "charges" relating to each victim, pluralizing charges would not add any clarity. Inexplicably, the court did not actually include the phrase "charges of attempted murder and aggravated assault" in the instruction, but instead pluralized "complainants" ("if you find the defendant reasonably believed that he faced death or serious bodily injury from any of the complainants at the moment he shot him") was still ambiguous.

*Id.* at 13 (record citations and footnotes omitted; emphasis by Appellant).

Thus, Appellant maintains counsel's failure to raise the inadequate jury instruction on direct appeal has arguable merit. Appellant avers counsel did not have a reasonable strategy in failing to appeal the issue, because counsel's "objections after the instructions were given demonstrate [counsel] knew at the time of trial the instruction read was insufficient." *Id.* at 14. Appellant contends he was prejudiced because the jury acquitted Appellant of aggravated assault against Jones, thereby finding Appellant acted in self-defense, but the jury "remained confused about how the justification defense applied to the alleged assault against Mahallati" as shown by the jury's requested clarification on the elements of the crime after two days of deliberations. *Id.* at 15.

On this issue, the PCRA court opined that trial counsel had a reasonable strategy and Appellant failed to establish prejudice:

The [PCRA] court found Attorney Stein to be an experienced criminal trial and appellate attorney, well informed on the

law of self-defense in Pennsylvania. The [PCRA] court also found that Attorney Stein made timely objections when the trial court refused to adopt the proposed [jury instruction] language, and preserved the matter for appeal. The [PCRA] court found credible Attorney Stein's testimony that although not worded as he preferred, the court's charge did accurately state the law of self-defense.

Moreover, the PCRA court rejected [Appellant's] claim of ineffectiveness because [he] failed to establish prejudice.

\*　　　\*　　　\*

The Commonwealth presented evidence at trial that dispelled [Appellant's] self-defense claim, including that: (1) there was no damage to [Appellant's] car, only to the Geo Tracker [in which the victims were riding]; (2) the victims immediately reported the shooting to police, while [Appellant and his co-defendant] did not; (3) police found two guns in the Lexus [in which Appellant was riding]; (4) the Geo Tracker had a manual transmission, which would have required Jones to use both hands to steer and shift [despite Appellant's claim that he was holding a firearm]; and (5) [Appellant's] bullet struck Mahallati from behind. Furthermore, the jury may have found that the shooting was not intentional, but reckless. Such a finding would have precluded the jury from finding [Appellant] guilty of "aggravated assault – attempted serious bodily injury" as to Jones, which requires [Appellant] to have acted with the specific intent of causing Jones serious bodily injury. Finding the shooting to have been reckless would not, however, have precluded the jury from finding [Appellant] guilty of "aggravated assault – causing serious bodily injury" as to Mahallati, which requires only that the defendant acted intentionally, knowingly, **or** recklessly. Accordingly, the record establishes that Attorney Stein acted reasonably in his representation of [Appellant], and, moreover, that [Appellant] was not prejudiced.

PCRA Court Opinion, 6/10/2015, at 8-9 (record citations and footnotes

omitted; emphasis in original).

- 11 -

We agree with the PCRA court's assessment that Appellant failed to demonstrate that he was prejudiced regarding his claim that the jury instruction for self-defense was inadequate. First, we reject Appellant's suggestion that the jury found Appellant acted in self-defense because it acquitted him of the charges related to Jones. As the PCRA court noted, the element of *mens rea* differs for attempted aggravated assault and aggravated assault – causing serious bodily injury, and, thus, the jury's verdict is best explained by observing that it found Appellant did not specifically intend to inflict serious bodily injury upon Jones, but found Appellant acted recklessly with regard to Mahallati. During deliberations, the jury specifically asked the trial court to state the elements of aggravated assault and to define intent. N.T., 9/30/2004, at 4. Moreover, as the PCRA court noted, the physical evidence the Commonwealth presented at trial showed the victims did not have weapons, Jones was likely using both hands to drive, and Mahallati was shot in the back as they fled, thereby negating Appellant's claim of self-defense. Accordingly, even if the trial court issued jury instructions framed in accordance with Appellant's requests, he has not demonstrated that the outcome of his trial would have been different. As such, Appellant is not entitled to relief on his first issue.

In his second issue presented, Appellant contends that direct appellate counsel was ineffective for not challenging the trial court's failure to specify, on the record, the sentencing guidelines pertaining to his firearm conviction. Appellant's Brief at 17-23. In arguing the merit of his claim, Appellant relies

on the language from our first panel decision in 2008, wherein we stated that Appellant's firearm sentence "was grossly beyond that called for in the sentencing guidelines." *Id.* at 19, *citing* **Perry**, 947 A.2d 831 (Pa. Super. 2008) (unpublished memorandum) at 27. Appellant further claims counsel did not have a reasonable strategy in mistakenly failing to include this argument in his post-sentence motion. *Id.* at 20. Citing our decision in **Commonwealth v. Styles**, 812 A.2d 1277 (Pa. Super. 2002), Appellant claims he was prejudiced because "the trial court made no allusion to the sentencing guidelines" and "imposed successive maximum sentences." *Id.* at 19, 21. Appellant maintains the PCRA court erred in rejecting this claim on grounds that it would have imposed the same sentence on remand or because we upheld the firearm sentence following remand from the Supreme Court. *Id.* More specifically, he claims the former sentencing judge "was suspended from the bench from August 2009 to December 2009 and subsequently retired from office in August 2012" and "[a]nother judge may have been assigned to resentence Appellant[.]" *Id.* at 22. He also asserts that failure to acknowledge the sentencing guidelines was *per se* reversible error, regardless of the other reasons placed on the record, and the PCRA court erred in relying on our decision following remand for upholding the firearm conviction. *Id.* at 22.

We conclude that Appellant has failed to plead and prove he was prejudiced by counsel's performance. Initially, we note that it is not *per se* reversible error when the trial court does not state the sentencing guidelines

- 13 -

on the record. "[W]here the court imposes [a] sentence outside the sentencing guidelines, the court need not recite the numeric range of sentences within the guidelines so long as the record demonstrates the court's recognition of the applicable sentencing range and the deviation of the sentence from that range." *Commonwealth v. Rodda*, 723 A.2d 212, 213 (Pa. Super. 1999) (*en banc*) (citation and quotations omitted). "[N]either the [Sentencing] Code nor our decisions substantiate [the] suggestion that the sentencing court must recite the guidelines range on every occasion where the sentence imposed exceeds that range." *Id.* at 214. "[W]e have vacated sentence[s] in the absence of a guidelines recitation only upon a proper showing that the court was guided in its sentencing decision by a material misapprehension of the applicable range under the guidelines or upon evidence that the court ignored the guidelines, in contravention of the Sentencing Code." *Id.* (string citations omitted). "Conversely, where the record has reflected that the court acted on a sound understanding of the sentencing range and imposed sentence accurately, we have affirmed the judgment of sentence even in the absence of a guidelines recitation." *Id.* at 216.

Moreover, we note that on appeal to the Supreme Court, Appellant conceded that the trial court's failure to specifically acknowledge, either on the record or in its written opinion, the applicable sentencing guidelines was not dispositive of his claim that his sentence was excessive. *Perry*, 32 A.3d at 239 ("[Appellant] further contend[ed] that, while not dispositive, the trial

- 14 -

court's failure to specifically acknowledge on the record or in its written opinion the applicable sentencing guidelines for his [firearm] conviction militates [] against a finding that the sentence was reasonable."). Curiously, he has changed tack on collateral review. Furthermore, based upon the above-cited law, we previously determined that the recitation of the sentencing guidelines on the record is not required in every case. Thus, we reject Appellant's suggestion that failure to place the guidelines on the record at sentencing is *per se* reversible error.

Additionally, we reject Appellant's reliance on ***Styles***, ***supra***. In that case, Styles pled guilty to charges arising from two separate criminal episodes, including failing to register as a sex offender, attempted involuntary sexual intercourse, aggravated assault, rape, robbery, aggravated assault, and possession of an instrument of crime. ***Styles***, 812 A.2d at 1278. After accepting Styles' guilty plea, the trial court sentenced him to an aggregate sentence of 56-112 years of imprisonment, reflecting consecutive maximum sentences on all of the charges. ***Id.*** At the time of sentencing, the trial court made no reference to the sentencing guidelines and did not offer contemporaneous reasons for imposing maximum sentences. ***Id.*** In its subsequent opinion, the trial court "stated that the guidelines do not apply to disposition in lieu of trial and that since [Styles] pled guilty and did not go to trial, the guidelines are not applicable." ***Id.*** We, however, disagreed, "reject[ing] any conclusion that the guidelines are inapplicable to sentences following entry of a guilty plea." ***Id.*** at 1279.

This case is markedly different from **Styles**. In that case, the trial court accepted guilty pleas and then sentenced Styles to maximum consecutive sentences without **any** regard to his individual circumstances. The **Styles** case represents an instance in which the sentencing court labored under the misapprehension that the sentencing guidelines did not apply when the defendant pled guilty. In contrast, here, there was no plea and, on direct appeal, our appellate courts determined that the trial court imposed an individualized sentence that was not excessive.

In the case *sub judice*, regarding counsel's alleged ineffectiveness, the PCRA court determined that there was no prejudice to Appellant when the trial court failed to specify the sentencing guidelines on the record. The PCRA court concluded:

> At the sentencing hearing, the sentencing judge did not state the guidelines for the firearms offense. He did, however, express his resolve to sentence above the guidelines. Even if [trial counsel] had pursued the [sentencing guideline] claim, and the sentence had been vacated and the matter remanded for resentencing, it is not reasonably probable that the sentencing judge would have sentenced [Appellant] any differently. Instead, he would have stated the guidelines on the record, and then justified his departure from those guidelines using the rationale in his [Rule] 1925(a) trial court opinion:
>
>> [The statutory maximum sentence is not] too much time for deliberately shooting a viable, healthy, unarmed 21-year-old man in the back causing him permanent paralysis, pain, suffering, sterility, [and] the loss of life's simple pleasures in more than 2/3 of his body.

> The [Supreme Court and the] Superior Court ultimately upheld this sentence, finding no abuse of discretion. Therefore, even had the guidelines [] been stated on the record at the time of sentencing, [Appellant] failed to prove the reasonable probability that his sentence would have been different. Because [Appellant] has not proved that counsel's error caused him prejudice, the PCRA court did not err in dismissing the claim.

PCRA Court Opinion, 6/10/2015, at 10 (citations omitted).

Upon review, we agree. "Respecting prejudice, we employ [an] actual prejudice test, which requires a showing of a reasonable probability that the outcome of the proceeding would have been different but for counsel's constitutionally deficient performance." *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014) (citations omitted). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Id.* We have recently reaffirmed:

> As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error. [Our Supreme] Court has addressed the difference as follows:
>
>> A defendant raising a claim of ineffective assistance of counsel **is required to show actual prejudice**; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, [] states that whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless. This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict

- 17 -

> beyond a reasonable doubt, is a lesser standard than the [PCRA's] prejudice standard, which requires the defendant to show that counsel's conduct **had an actual adverse effect on the outcome of the proceedings**. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel.

***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal citations and quotations omitted; emphasis added).

Here, Appellant failed to plead and prove that he was prejudiced under the foregoing standards. Appellant's claim that the trial court would have sentenced him differently had it acknowledged the sentencing guidelines on the record prior to sentencing is entirely speculative. The trial court, while not expressly recognizing the sentencing guidelines on the firearm conviction, stated that in imposing sentence it was exceeding the sentencing guidelines because Appellant's crime merited the maximum penalty based upon the serious nature of the victim's injuries. Appellant has not offered proof that the trial court would have determined otherwise had it recited or acknowledged the sentencing guidelines prior to imposition. Moreover, our Supreme Court, and this Court following remand, concluded that there were adequate substantive grounds to sentence Appellant to a maximum term of imprisonment on his firearm conviction. Thus, even if the case were remanded for resentencing before a different judge, given our appellate

courts' pronouncements that the maximum sentence was justified, it is not reasonable to believe that a different judge would resentence Appellant differently after a mere recitation of the applicable guidelines. Accordingly, Appellant failed to plead and prove that he was prejudiced by trial counsel's actions and his second issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016