J-S32034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE STYLES, | |
| Appellant | No. 2741 EDA 2015 |

Appeal from the PCRA Order August 4, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0900261-1999
CP-51-CR-0900351-1999
CP-51-CR-1103661-1999

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED May 11, 2016**

Appellant, Maurice Styles, appeals *pro se* from the denial of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following factual and procedural background from the trial court's September 21, 2015 opinion and our independent review of the certified record.  On January 3, 2000, Appellant entered open guilty pleas to rape and related charges arising from his sexual crimes against, and stabbing of, two women in Philadelphia.  On March 23, 2000, the court

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to an aggregate term of not less than fifty-six nor more than 112 years' incarceration.

On appeal, this Court vacated the judgments of sentence and remanded for resentencing because the trial court did not reference the sentencing guidelines when explaining its reasons for the sentence imposed. (*See Commonwealth v. Styles*, 812 A.2d 1277 (Pa. Super. 2002)). On March 25, 2003, the trial court resentenced Appellant to the same aggregate term of not less than fifty-six nor more than 112 years' incarceration. On June 29, 2006, this Court affirmed the judgment of sentence and, on February 14, 2007, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (*See Commonwealth v. Styles*, 905 A.2d 1049 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 314 (Pa. 2007)).

On June 15, 2007, Appellant filed a first PCRA petition *pro se*. Appointed counsel filed a ***Turner***/***Finley***[1] "no-merit" letter, and the PCRA court provided notice of its intent to dismiss the petition on December 15, 2008 pursuant to Rule 907.[2] The court dismissed the petition on January 9, 2009. Appellant did not appeal.

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Pa.R.Crim.P. 907(1).

On May 15, 2012, Appellant filed his second *pro se* PCRA petition. On July 15, 2012, the court sent Rule 907 notice to Appellant of its intent to dismiss the petition. On August 4, 2015, the PCRA court dismissed the petition as untimely. Appellant timely appealed.[3]

Appellant raises three issues for this Court's review:

[1.] Did the [PCRA] court abuse its discretion by dismissing [the] PCRA petition as untimely?

[2.] Whether the decision of the United States Supreme Court in **Missouri v. Frye**[, 132 S.Ct. 1399 (2012),] create[d] a new constitutional right?

[3.] Also did this newly created right conceive a substantive rule change in criminal procedure?

(Appellant's Brief, at 2).

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

---

[3] The PCRA court did not order Appellant to file a Rule 1925(b) statement; the court filed an opinion on September 21, 2015. **See** Pa.R.A.P. 1925.

Here, the PCRA court found that Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (**See** PCRA Court Opinion, 9/21/15, at 2). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on May 15, 2007, at the expiration of the time for him to file a writ of *certiorari* with the United States Supreme Court. **See** U.S. Sup. Ct. R. 13; **see also** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on May 15, 2012, is untimely on its face, and we lack jurisdiction to consider its merits, unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant is attempting to claim the applicability of the newly recognized constitutional right exception. (*See* Appellant's Brief, at 4-8); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he argues that plea counsel was ineffective when he advised Appellant to enter an open guilty plea rather than to take the Commonwealth's negotiated plea offer, and that the United States Supreme Court, in *Frye*, *supra*, created a new constitutional right applicable to ineffective assistance of counsel claims that should be applied to his case. (*See* Appellant's Brief, at 5-8). However, this

issue is unavailing because Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(iii).

It is well-settled that:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation and emphasis omitted).

Appellant's claim, that *Frye* created a new constitutional right that satisfies the newly created constitutional right exception to the PCRA's timeliness requirement, has already been rejected by this Court. In *Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa. Super. 2013), we stated:

> "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985) (holding that "the two-part *Strickland*, 466 U.S. 668 [104 S. Ct. 2052, 80 L. Ed.2d 674], test applies to challenges to guilty pleas based on the ineffective assistance of counsel"); *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")). In *Frye*, the United State Supreme Court merely clarified that this well-established right "**extends** to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, 132 S.Ct. at 1404 (emphasis added). In other words, the *Frye* Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from

the prosecution to accept a plea on terms and conditions that may be favorable to the accused." **Id.** at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in **Strickland** applies. **See id.** at 1409. . . .

\* \* \*

It is apparent that . . . **Frye** [did not] create[] a new constitutional right. Instead, the[] decision[] simply applied the Sixth Amendment right to counsel, and the **Strickland** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, **Appellant's reliance on *Frye* . . . in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.**

**Feliciano**, **supra** at 1276-77 (footnotes omitted) (emphasis added).

Likewise, here, for the reasons enunciated by this Court in **Feliciano**, Appellant's reliance on **Frye** is fatal to his claim. **See id.** at 1277. Accordingly, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly found that it lacked jurisdiction to consider Appellant's claims, and dismissed his untimely petition without a hearing. **See Henkel**, **supra** at 20; **Johnston**, **supra** at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016